SECURITY INSURANCE CO. ET AL., APPELLANTS, *v.* REGIONAL TRANSIT AUTHORITY, APPELLEE.

(No. 43981—Decided July 22, 1982.)

Mr. *Robert J. Olender,* for appellants.
Mr. *Oscar Trivers,* for appellee.

JACKSON, J. This is an appeal from a decision of the Cleveland Municipal Court which vacated a judgment previously entered.[1]

On September 21, 1979, Security Insurance Company and Westlake Tool & Die Co. instituted this negligence action against Regional Transit Authority (RTA) and Richard C. Deviant, a bus driver, for damages arising out of a motor vehicle accident. The complaint was served by certified mail upon RTA at 1404 East Ninth Street, Cleveland, Ohio, and upon Mr. Deviant at 2082 West 93rd Street, Cleveland, Ohio. Service was accepted at both addresses by persons not otherwise identified in these proceedings.[2] Neither defendant filed an answer to the complaint, and on December 13, 1979, the lower court entered default judgment against both parties. The journal entry (a form with blank spaces for the names of the parties and the amounts of the awards) appears below:

"Motion referred upon application of plaintiff to [illegible] for the taking of proof and assessment of damages, and referee is ordered to report his findings to this Court. Referee sworn. Referee finds, after hearing evidence adduced, there is due plaintiff, Westlake Tool & Die Co. $100.00 and there is due plaintiff Security Ins. Co. $1,975.00. Referee's report is hereby approved and confirmed and judgment rendered for plaintiffs for $2,075.00 and costs."

There is no referee's report in the file.

On April 30, 1981, Oscar Trivers, who identified himself in his affidavit as Assistant General Counsel for RTA, filed a motion for relief from judgment pursuant to Civ. R. 55(D) and 60(B)(5).

The defendants' motion alleges that the merits of this lawsuit were resolved in Common Pleas Case Nos. 79 005207 and 002528. Attached to defendants' motion are two unsigned journal entries, one from each case. In the former case, RTA, Westlake Tool & Die, and their respective drivers were all found to be negligent in causing the accident; in the latter case, the attorneys for RTA, Westlake Tool & Die, and the drivers agreed that the suit should be settled and dismissed with prejudice. The purpose of these documents was to show that defendants RTA and Deviant, if given an opportunity to answer the complaint, would have meritorious defenses (*viz., res judicata* and contributory negligence) to the claim in the instant case.

The defendants' motion also states that the motion was filed as soon as defendants' attorney learned of the default judgment in April 1981, sixteen months after default judgment was rendered.

Defendants' motion for relief from judgment states two reasons why the judgment should be overturned: First, because the court failed to comply with Civ. R. 55(D), and second, because defendants' attorney was never informed by his clients that suit had been filed. The merits of both of these contentions are examined below.

I.  Civ. R. 55(D)

Civ. R. 55(D) provides:

"Judgment against this state. No judgment by default shall be entered against this state, a political subdivision, or officer in his representative capacity or agency of either unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

The default judgment journal entry in

---

[1] The appellants' sole assignment of error is as follows:

"The trial court erred in granting appellee, Regional Transit Authority's motion for relief from judgment, in that appellee has failed to establish, in law or in fact, that it was entitled to relief under any of the subsections of Civil Rule 60(B)."

[2] The signatures on the return receipts appear to be "Ruth Davis" for RTA and "Janet Deviant" for Richard Deviant.

the case at bar recites that evidence was adduced before the referee on the application for default judgment. The plaintiffs' attorney stated in his affidavit submitted in opposition to the motion for relief from judgment that an evidentiary hearing was held:

"* * * [A]fter the Defendants failed to reply to the Complaint, the above case was scheduled for an evidentiary hearing before a Referee of the Cleveland Municipal Court and that the undersigned appeared at said hearing and offered evidence substantiating Plaintiffs' claim for damages;"

The record of the trial court affirmatively demonstrates that an evidentiary hearing was held on appellants' motion for default judgment. This court is bound to presume the regularity of the proceedings below. *In re Sublett* (1959), 169 Ohio St. 19 [7 O.O.2d 487]. On the basis of the record before this court, it appears that the trial court complied with Civ. R. 55(D) in entering default judgment against RTA.

II. Civ. R. 60(B)(5)

Civ. R. 60(B) provides:

"Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

Decisions of this court and the Ohio Supreme Court have interpreted Civ. R. 60(B) as requiring the moving party to adduce evidence consisting of operative facts which demonstrate that the motion was timely filed, that the moving party is entitled to relief under Civ. R. 60(B), and that the party would have a meritorious defense if permitted to answer the complaint. *GTE Automatic Electric* v. *ARC Industies* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86]; *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97 [68 O.O.2d 251]. The syllabus of the court in *GTE Automatic Electric* v. *ARC Industries* states in part as follows:

"2. To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.

"3. Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits."

An order denying or granting a motion for relief will not be disturbed on appeal except for an abuse of discretion on the part of the trial court. *Doddridge* v.

*Fitzpatrick* (1978), 53 Ohio St. 2d 9 [7 O.O.3d 5].

In the case at bar, more than one year elapsed between entry of judgment against RTA and Deviant, and the filing of the motion for relief. It was therefore too late for the defendants to claim that their failure to respond was due to "excusable neglect" under Civ. R. 60(B)(1), and defendants proceeded under the catch-all provision of Civ. R. 60(B)(5).

Defendant Deviant asserted no reason why his motion for relief from judgment should be granted. The only reason put forth by defendant RTA was that counsel for RTA was never informed of this suit. The affidavit of RTA's counsel in support of the motion for relief, and the affidavit of plaintiffs' attorney in opposition to the motion, are set forth below:

[Affidavit]

"OSCAR TRIVERS, being first duly sworn according to law, deposes and says:

"That he is an Assistant General Counsel for the Greater Cleveland Regional Transit Authority; that he is the attorney that would have been scheduled to receive the complaint as attorney for the Greater Cleveland Regional Transit Authority in the case of Sentry [*sic*] Insurance Company, et al v. Greater Cleveland Regional Transit Authority;

"That he never received the complaint;

"That he never received an assignment or notification from anyone at the Greater Cleveland Regional Transit Authority to the effect that the complaint had been filed;

"That the first notification that he had from anyone was the letter from the plaintiff's attorney in April, 1981;

"That the Greater Cleveland Regional Transit Authority has a valid defense to the cause of action alleged in the complaint."

[Affidavit]

"ROBERT J. OLENDER, being first duly sworn on oath and according to law, deposes and says:

"That he is the attorney for Plaintiffs in connection with Cleveland Municipal Court Case Number 79 CVE 30179, entitled 'Security Insurance Company, et al v. Regional Transit Authority, et al;'

"That he has personal knowledge of the matters set forth below and that this Affidavit is being filed in support of Plaintiffs' Brief in Opposition to the Motion for Relief filed by Defendant;

"That the undersigned filed a lawsuit on behalf of Plaintiffs in the Cleveland Municipal Court under the above case number on September 19, 1979, and that prior to the filing of this Complaint, the undersigned was in contact with Karen Dinunzio, a claims adjuster of Defendant corporation, regarding the claim which is the subject of this lawsuit;

"That at no time prior to the filing of this lawsuit did the undersigned speak with, negotiate with or otherwise have any dealings with counsel for Defendant corporation;

"That the undersigned, although aware of claims being presented by third parties against Defendant, Regional Transit Authority and Plaintiff's insured, was unaware at the time of the filing of the instant lawsuit that there were any lawsuits pending against said parties.

"That the undersigned had knowledge that bodily injury claims were being presented by third parties to Defendant, Regional Transit Authority and Plaintiff's insured, but that the undersigned had no connection whatsoever with the defense of those claims or with any lawsuits which may have been pending in the Common Pleas Court of Cuyahoga County respecting those third party claims;

"That subsequent to the filing of this lawsuit, the undersigned had a telephone conversation with an RTA adjuster regarding the lawsuit, and that the undersigned ascertained at that time that RTA was in receipt of the summons and that

the undersigned further indicated to Defendant's adjuster that as of the date of the conversation on October 25, 1979, no responsive pleading had been filed to the Complaint;

"That after the Defendants failed to reply to the Complaint, the above case was scheduled for an evidentiary hearing before a Referee of the Cleveland Municipal Court and that the undersigned appeared at said hearing and offered evidence substantiating Plaintiffs' claim for damages;

"That the undersigned did not speak with a representative from Defendant corporation until April 8, 1981 when Attorney Oscar Trivers contacted the undersigned in response to a letter demanding payment of the Judgment taken in the above case."

In the motion to the trial court, the attorney for RTA did not contend that service upon his client was invalid. There was no allegation in the trial court that the court lacked personal jurisdiction over RTA, or that service was not made in accordance with Civ. R. 4.2 which provides:

"Service of process * * * shall be made as follows:

"* * *

"(14) Upon any governmental entity not mentioned above by serving the person, officer, group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity. Service upon any person who is a member of the 'group' or 'body' responsible for the administration of the entity shall be sufficient."

A motion to vacate judgment pursuant to Civ. R. 60(B) is a collateral attack upon a judgment. It is an allegation that the judgment is voidable on account of fraud, mistake, excusable neglect or some other reason. A motion to vacate judgment on jurisdictional grounds is a direct attack upon a judgment authorized by common law, and constitutes an allegation that the judgment is void. *Lincoln*

*Tavern* v. *Snader* (1956), 165 Ohio St. 61 [59 O.O. 74]; *Hayes* v. *Kentucky Joint Land Bank of Lexington* (1932), 125 Ohio St. 359.

Defendants did not raise the issue of personal jurisdiction in the trial court. Accordingly, they waived this issue by failing to bring it to the attention of the trial court. *State* v.*Williams* (1977), 51 Ohio St. 2d 112 [5 O.O.2d 98]. A question of personal jurisdiction (unlike a question of subject matter jurisdiction) may not be raised for the first time on appeal. The only issue before the trial court and this Court of Appeals is whether the defendants were entitled to relief under Civ. R. 60(B)(5), in view of the fact that, though service was received by an employee at the principal office of defendant RTA, defendants' counsel allegedly was never informed that the complaint had been filed.

The scope of Civ. R. 60(B)(5) has been narrowly defined by this court and by the "Staff Note" to the rule. The Staff Note states, in relevant part:

"The operation of the fifth provision for vacation of a judgment under Rule 60(B)—'any other reason justifying relief from the judgment'—has been given very sparing application by the federal courts under the similar Federal rule provision. The federal courts have held that the provision may not be used as a substitute for one of the first three grounds for vacation of a judgment after the one-year limitation has run on one of the first three grounds. The grounds for invoking the catch-all provision, not subject to the one-year limitation, should be substantial. Thus a court might utilize the catch-all provision to vacate a judgment vitiated by a fraud upon the court. Fraud upon the court differs from Rule 60(B)(3), fraud or misrepresentation by an adverse party. Fraud upon the court might include, for example, the bribing of a juror, not by the adverse party, but by some third person."

The fact that a moving party has a meritorious defense to a claim is not a suf-

ficient reason to justify relief from judgment under Civ. R. 60(B)(5). The moving party must affirmatively demonstrate that it failed to present its meritorious defense by way of answer to the complaint due to some extraordinary circumstance beyond its control. In *Hartford v. Hartford* (1977), 53 Ohio App. 2d 79 [7 O.O.3d 53], this court refused to overturn a divorce decree, obtained by default, which ordered a man to pay child support for a child of whom he was not the father. Despite the existence of a meritorious defense, the decree stood, because the moving party had inexcusably failed to present the defense when served with the complaint for divorce, custody, and child support.

This principle was reaffirmed in the case of *Mount Olive Baptist Church v. Pipkins Paints* (1979), 64 Ohio App. 2d 285 [18 O.O.3d 319]. This court stated therein:

"In the instant cause the defendant moved to vacate judgment pursuant to Civ. R. 60(B)(5), which provides that a judgment may be vacated for 'any other reason justifying relief from judgment.' Although Civ. R. 60(B)(5) is frequently referred to as the 'catch all' provision, relief on this ground is to be granted only in extraordinary situations where the interest of justice calls for it. *Adomeit v. Baltimore, supra,* at page 105. The motion to vacate pursuant to Civ. R. 60(B)(5) must be brought within a reasonable time, which may be more or less than a year depending on the circumstances. *Cautela Bros.* v. *McFadden* (1972), 32 Ohio App. 2d 329 [61 O.O.2d 506]. Similar to the other provisions of Civ. R. 60(B), the existence of a valid claim or defense must be demonstrated to entitle the movant to prevail on the motion pursuant to Civ. R. 60(B)(5).

"* * *

"We now will review the trial court's granting of the motion to vacate in light of the foregoing principles.

"The first consideration is whether the defendant demonstrated a ground for relief within the meaning of Civ. R. 60(B)(5). The record shows that the defendant received a copy of the complaint and threw it in the wastebasket. No explanation is given for this conduct. Such an action is a willful and deliberate disregard to the judicial system. This court cannot condone such conduct, nor will equity allow relief from a default judgment which is the direct result of the movant's calculated and conscious decision to ignore the judicial process. It is well established that the 'other reason' clause of Civ. R. 60(B) will not protect a party who ignores its duty to take legal steps to protect its interest. See, *e.g., Ackermann v. United States* (1950), 340 U.S. 193.

"Consequently, we conclude that a party who willfully and deliberately chooses to ignore a complaint and has stated no other reason for failing to appear or answer a complaint has not stated an adequate ground for relief from a default judgment pursuant to Civ. R. 60(B)(5)." 64 Ohio App. 2d, at 287-288.

The Ohio Supreme Court, in the recent case of *Samson Sales v. Honeywell, Inc.* (1981), 66 Ohio St. 2d 290 [20 O.O.3d 277], implied that a less strict standard might be applied in Civ. R. 60(B)(5) cases. The court in that case granted relief to a corporate defendant who suffered default judgment after a complaint was received by an employee and was "apparently" not transmitted to management. The Supreme Court, in its opinion, does not state whether it was incumbent upon the defendant to demonstrate that the reason that the complaint was not transmitted to management was due to some extraordinary circumstance.

In the case at bar, the appellee RTA did not submit any evidentiary material demonstrating that the complaint did not reach management level (cf. *Samson Sales* v. *Honeywill, Inc., supra*), or that RTA failed to answer the complaint due to some extraordinary circumstance (cf.

*Mount Olive Baptist Church* v. *Pipkins Paints, supra*).

Accordingly, the decision of the trial court is reversed, and the default judgment in favor of plaintiffs-appellants is reinstated.

*Judgment reversed and default judgment reinstated.*

PATTON, P.J., and DAY, J., concur.