### U.S. Sprint Communications Co.
### v.
### Mr. K's Foods, Inc.
*[Cite as 8 AOA 597]*

*Case No. 90AP-629*
*Franklin County, (10th)*
*Decided December 31, 1990*

*Donnamarie Landsberg, for Appellee.*

*Thomas M. Taggart and William D. Kloss, Jr., Vorys, Sater, Seymour & Pease, for Appellant.*

REILLY, P.J.

This is an appeal from a judgment of the Franklin County Court of Common Pleas denying defendant's motion for relief from a default judgment rendered on December 19, 1989. Defendant has timely appealed. Although not named as such, defendant has presented the following assignments of error in the argument portion of its brief:

"1. The trial court erred in ruling that defendant Mr. K's Foods, Inc. was subject to the jurisdiction of the court.

"2. The trial court erred in denying defendant-appellant's motion for relief from judgment pursuant to Ohio Civ. R. 60(B).

"i. The trial court erred in determining that Mr. K's New York did not have a meritorious defense to plaintiff-appellee's action.

"ii. The trial court erred in determining that Mr. K's is not entitled to relief under Ohio Civ. R. 60(B) (5)."

Plaintiff filed an action against defendant on August 24, 1989. In its complaint, plaintiff alleged that defendant is licensed to do business in Ohio and "*** is also known as Mr. K's Pizza and Mr. K's Sales and Distribution." Further, plaintiff alleged that defendant is "doing business in Franklin County." In Count One, plaintiff alleged that defendant established accounts with plaintiff for interstate telephone service, but failed to pay the $155,307.58 due. In Count Two, plaintiff alleged that defendant has been unjustly enriched as it benefited from telephone service without paying for it.

Service of the complaint was attempted on defendant's statutory agent, but the sheriff's return indicates that the agent did not reside at the address given. Plaintiff caused certified mail service to be sent to defendant's president in Buffalo, New York. This service was received on November 10, 1989.

Defendant did not answer the complaint nor otherwise appear or defend the action. On December 18, 1989, plaintiff filed a motion for default judgment. The next day, the trial court filed its judgment entry granting plaintiff default judgment in the amount of $155,307.58, plus interest and costs.

Apparently, defendant received notice of a "status conferrence," about this cause on February 1, 1990 and thus became aware that default judgment had been rendered. Defendant filed a motion for relief from this judgment on March 20, 1990, pursuant to Civ. R. 60(B), and tendered an answer to the complaint. In its motion, defendant argued that the default judgment was void because the court lacked personal jurisdiction over the nonresident-defendant.

Further, defendant contended that it was entitled to relief from judgment under Civ. R. 60(B)(5), as the court lacked jurisdiction over it. Defendant also contended that the alleged telephone charges were attributable to other entities, and that its motion had been timely

filed. Defendant attached an affidavit of its vice president, who stated therein that defendant is a New York based-corporation that has never conducted business in Ohio. The vice president also stated that, after reviewing the account constituting the basis of the complaint, he found that the vast majority of charges listed were for services rendered to Mr. K's Sales and Distribution of Columbus, Mr. K's Sales and Distribution of Cleveland, and Mr. K's Sales and Distribution of Rochester. He further stated that these entities are individual and distinct corporations for which defendant did not expressly or impliedly assume any liabilities.

Plaintiff filed a memorandum in opposition on March 27, 1990 contending that defendant had the requisite minimum contacts with Ohio to establish personal jurisdiction. Plaintiff also maintained that defendant ordered the telephone service for its affiliates in Ohio. Plaintiff attached a sales agreement for eight "Dial 1 WATS" lines. This document indicates that it is from defendant. The address is written as 5151 Monroe Street, Toledo, Ohio 42623. The agreement is signed by an individual named George R. Ackerman, who is listed as "Director of Distribution." The reverse side of this document includes a telephone number for Mr. Ackerman in the 716 area code. This area code corresponds with Buffalo, New York. In addition, several invoices, collection letters written by plaintiff, and a check from defendant to plaintiff are attached.

In its May 3, 1990 decision and judgment entry, the trial court concluded that defendant was "doing business" in Ohio. The court noted that defendant was registered in Ohio, had an office in Ohio, signed a contract "on behalf of" the corporation in Ohio, and received bills for "work performed" in various cities in Ohio. The court then noted that, under Civ. R. 60(B):

"In view of the detailed billings listed by the plaintiff pursuant to the contract, a mere allegation that some of the bills were not owed by the defendant, himself, is insufficient to give this Court a basis to determine that they are entitled to relief from judgment. ***"

Thus, the trial court overruled defendant's motion. Defendant timely appealed to this court.

The assignments of error are interrelated and are considered together. It is fundamental that a judgment rendered without personal jurisdiction over a defendant is void. *Peoples Banking Co. v. Brumfield Hay & Grain Co.* (1961), 172 Ohio St. 545, paragraph two of the syllabus; *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61. Hence, the authority to vacate a void judgment is not derived from Civ. R. 60(B), but is an inherent power of Ohio courts. *Patton v. Diemer* (1988), 35 Ohio St. 3d 68, paragraph four of the syllabus.

A party seeking to challenge such a void judgment must file a motion to vacate or set aside the judgment. *In Re Miller* (1986), 33 Ohio App. 3d 224; *Security Insurance Co. v. Regional Transit Authority* (1982), 4 Ohio App. 3d 24. It is not significant that the motion is styled as one made pursuant to Civ. R. 60(B). See *Grant v. Ivy* (1980), 69 Ohio App. 2d 40. A movant, however, need not present a meritorious defense to be entitled to relief from a void judgment. *Peralta v. Heights Medical Ctr., Inc.* (1988), 485 U.S. 80.

The exercise of long-arm jurisdiction in Ohio depends not only upon the nonresident having sufficient minimum contacts with Ohio to satisfy due process, but also upon the fulfillment of one of the specified circumstances found in Civ. R. 4.3(A) and R.C. 2307.382(A). *Ohio State Tie & Timber, Inc. v. Paris* (1982), 8 Ohio App. 3d 236, paragraph one of the syllabus. Both Civ. R. 4.3(A) (1) and R.C. 2307.382(A) (1) specify that a court may exercise personal jurisdiction over a cause of action arising from a defendant's "transacting any business in this state."

The evidence submitted by the parties presents a factual issue as to whether defendant transacted business in Ohio.[1] Plaintiff alleges that defendant ordered or established accounts with it to supply telephone services to its subsidiaries or agents in Ohio for the benefit of defendant. This allegation, if proved, would constitute "transacting business in this state." Defendant denies ordering or establishing any contract with plaintiff and expressly disclaims responsibility for its Ohio subsidiaries' phone bills. This conflict in the evidence should have been resolved after an evidentiary hearing and the court erred in failing to hold such a hearing. Cf., *Giachetti v. Holmes* (1984), 14 Ohio App. 3d 306. The record before the court does not establish whether defendant ordered the telephone

service, where the alleged transaction took place, and whether defendant was acting as an agent for its distributors, or vice versa.

Having determined that there is an issue to be tried as to whether the conduct of defendant fulfilled one of the specified circumstances of the Ohio long-arm provisions, the next issued raised is whether there were minimum contacts establishing personal jurisdiction over defendant.

To subject a nonresident defendant to a judgment in personam, there must exist certain minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment. *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316. Generally, this requires that the defendant purposely availed itself of the privilege of conducting activities in the forum state. *Hanson v. Denckla* (1958), 357 U.S. 235, 253. One of the primary factors to be considered is foreseeability. *Anilas v. Kern* (1987), 31 Ohio St. 3d 163, 164; *World-Wide Volkswagon Corp. v. Woodson* (1980), 444 U.S. 286, 297. This foreseeability derives from defendant's conduct and connection with the forum state, making it reasonable that he should anticipate being brought into court there. *Id.* Further, even if minimum contacts exist, the court should balance the relevant interests to determine if jurisdiction is fair and reasonable in any event. See *Indus. Comm. of Ohio v. First Natl. Bank of St. Paul* (May 16, 1989), Franklin App. No. 88AP-1013, unreported (1989 Opinions 1673, 1681-1682).

Again, the record raises numerous factual issues which should have been resolved after conducting an evidentiary hearing. If defendant is merely an alter ego of the entities in Ohio, or if those entities are defendant's agents, then the company may have continuous and systematic contacts with Ohio. Moreover, if defendant ordered the services, then this one specific contact may be sufficient if, in the totality of the circumstances, jurisdiction is fair and reasonable. It is not clear in the record who signed the agreement, who had authority to do so, who initiated the transaction, and where the contract was executed.

Defendant's first assignment of error is sustained and the second assignment of error is overruled in part and sustained in part.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed and*
*cause remanded.*

BOWMAN and HENDERSON, J.J., concur.

HENDERSON, J., of the Clark Court Court of Common Pleas, sitting by assignment of the Tenth Appellate District.

---

[1] The trial court could not predicate personal jurisdiction on the fact that defendant is registered in this state as plaintiff failed to make service on the appointed agent.