This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Oracle Real Estate Group, has appealed from the order of the Medina Municipal Court granting appellee, Sara Kass, default judgment. This Court affirms.
 I.
On August 28, 2000, appellee filed a complaint against appellant, alleging breach of contract, fraud, and unjust enrichment. The complaint prayed for judgment in the amount of $1,562.40 for compensatory damages, $10,000 in punitive damages, costs, and reasonable attorney fees. Appellant was served with the complaint on September 5, 2000. Appellant did not file an answer or otherwise appear, and thirty-six days after the complaint had been served, appellee moved for default judgment. On October 19, 2000, default judgment was granted in favor of appellee.
Appellant has timely appealed, and has assigned two errors for our review.
 II. ASSIGNMENT OF ERROR I The trial court lacked personal jurisdiction over the Appellant Oracle Real Estate Group and therefore the Judgment Entry entered on October 19, 2000[,] is void.
In the first assignment of error, appellant argues that the trial court lacked personal jurisdiction over it, and therefore the entry of default is void as a matter of law. Specifically, appellant contends that it does not have sufficient minimum contacts with the state of Ohio to be subject to its jurisdiction, and, even if this Court finds that it does, the parties agreed to litigate any dispute arising out of their contract in the state of Nevada.
The record reflects that appellant did not raise the issue of personal jurisdiction in the trial court. As a result, appellant waived the issue by failing to bring it to the attention of the court. Security Ins. Co.v. Regional Transit Auth. (1982), 4 Ohio App.3d 24, 28, citing State v.Williams (1977), 51 Ohio St.2d 112. "A question of personal jurisdiction (unlike a question of subject matter jurisdiction) may not be raised for the first time on appeal." Security Ins. Co. (1982), 4 Ohio App.3d 24,28.
The first assignment of error is overruled.
 ASSIGNMENT OF ERROR II In granting Appellee's Motion for Default judgment, the trial court erred in not conducting a hearing to determine the appropriate amount of damages.
In its second assignment of error, appellant argues that the trial court erred in granting default judgment because the court did not hold a hearing. Specifically, appellant asserts that the trial court was required to hold a hearing on the issue of damages because appellee did not submit evidence to fully account for the requested damages. This Court disagrees.
A lower court's decision to grant a motion for default judgment is reviewed under an abuse of discretion standard. Huffer v. Cicero (1995),107 Ohio App.3d 65, 74. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
This Court has previously explained that:
 Civ.R. 55 provides for default judgment. When a party against whom relief is sought has failed to plead or appear, the court may enter a default judgment. Civ.R. 55(A). The default judgment shall not exceed the amount prayed for in the demand for judgment. Civ.R. 54(C). The court may, in its discretion, hold a hearing to determine the amount of damages or take other evidence. Civ.R. 55(A).
Advance Sign Co., Inc. v. Mak Motel, Inc. (Oct. 16, 1991), Lorain App. No. 91CA005041, unreported.
In the present case, appellant never appeared. Appellee properly moved for default judgment pursuant to Civ.R. 55(A). The trial court granted default judgment without a hearing as authorized by Civ.R. 55(A). The court was not required to take evidence to establish appellee's damages.Buckeye Supply Co. v. Northeast Drilling Co. (1985), 24 Ohio App.3d 134,136; Farmers Merchants State Savings Bank v. Raymond G. Barr Ent.,Inc. (1982), 6 Ohio App.3d 43, 45. The trial court's decision to rule on the default judgment motion without holding a hearing was not unreasonably arbitrary, or unconscionable. Consequently, the trial court did not abuse its discretion in not holding a hearing prior to awarding damages. See Advance Sign Co., supra.
The second assignment of error is overruled.
 III
Having overruled both of appellant's assignments of error, the judgment of the municipal court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ____________________________ DONNA J. CARR
BAIRD, P.J., SLABY, J. CONCUR.