OPINION
{¶ 1} Plaintiff-appellant, Thomas H. Nagy, is an inmate at Grafton Correctional Institution in Lorain County, Ohio. While an inmate, Nagy tested positive for banned narcotics and was disciplined by prison authorities. Nagy maintained his innocence, and ultimately sued prison officials in the Franklin County Court of Common Pleas, alleging that the prison's adjudicative process lacked fairness and impartiality and, was thus, unconstitutional. The trial court granted summary judgment to the prison officials, but Nagy did not receive word of the judgment until after the time for appeal had expired. *Page 2 
 {¶ 2} Nagy filed a motion for relief from judgment, under Civ. R. 60(B), which the trial court denied. He now appeals from that judgment, arguing that the trial court abused its discretion in refusing to grant relief. The issue here is whether relief from judgment is the proper remedy when the movant claims that he was unavoidably prevented from filing a timely appeal. Because the Supreme Court of Ohio has held that relief from judgment under Civ. R. 60(B) cannot be a substitute for filing a timely appeal, we affirm the decision of the trial court.
 {¶ 3} Nagy's sole assignment of error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED PLAINTIFF-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT BECAUSE PLAINTIFF WAS NOT AT ANY WAY RESPONSIBLE FOR CIRCUMSTANCES, AND IT WAS UNREASONABLE TO DENY MOTION TO STAY JUDGMENT.
 {¶ 4} When reviewing a trial court's denial of a Civ. R. 60(B) motion, we will not disturb the decision of the trial court unless the appellant demonstrates that the trial court abused its discretion. See, e.g.,Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122; GTEAutomatic Elec, Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, 153,351 N.E.2d 113. Abuse of discretion is more than an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 5} Civ. R. 60(B) provides the exclusive vehicle by which a trial court may modify a final judgment. Cf. Civ. R. 54(B) (giving trial courts authority to reconsider, modify, or reverse any judgment that is not yet final). Known as the "60-B motion," the motion for relief from judgment is a collateral attack on a legally valid judgment, alleging *Page 3 
"that the judgment is voidable on account of fraud, mistake, excusable neglect, or some other reason." Security Ins. Co. v. Regional TransitAuth. (1982), 4 Ohio App.3d 24, 28, 446 N.E.2d 220.
 {¶ 6} To prevail on a motion for relief from judgment, the movant must demonstrate that: (1) the motion is made within a reasonable time (in some circumstances, the motion must be made within one year); (2) the party is entitled to relief under one of the permissible grounds stated in Civ. R. 60(B)(1) through (5); and (3) the party has a meritorious defense or claim to present if relief is granted. Rose Chevrolet, Inc.v. Adams (1988), 36 Ohio St.3d 17, 520 N.E.2d 564; GTE, at paragraph two of the syllabus. The enumerated grounds for relief are spelled out in the text of the rule: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which due diligence could not have produced for a timely new trial motion; (3) fraud, misrepresentation, or other misconduct by the adverse party; (4) satisfaction, release, or discharge; or (5) any other reasonable cause for relief. Civ. R. 60(B).
 {¶ 7} Here, Nagy claims that the trial court should have granted his Civ. R. 60(B) motion under this final catch-all provision. The facts supporting Nagy's argument are as follows: Nagy filed his complaint on May 22, 2006. On June 26, 2006, prison officials filed their answer. On December 15, 2006, Nagy moved for summary judgment. Prison officials filed a memorandum contra on December 28, 2006 and, on February 22, 2007, filed their own motion for summary judgment. In May 2007, Nagy was transferred from Grafton Correctional Institution to the Cuyahoga County jail for an unrelated legal matter. Shortly after Nagy's transfer on June 7, 2007, the trial court issued its decision granting summary judgment for the prison. Nagy did not receive notice of the trial court's decision, *Page 4 
but on July 16, 2007, Nagy filed a motion to stay judgment, arguing that because of his transfer to county jail, he lacked access to his personal files and to the prison law library. The trial court did not rule on this motion because it had already rendered judgment. On August 28, 2007, Nagy filed a motion to lift the stay, which the trial court denied as moot, having never granted the stay in the first place.
 {¶ 8} On October 18, 2007, Nagy filed his Civ. R. 60(B) motion, arguing that he was entitled to relief from judgment because his ability to file a timely appeal was hindered by his transfer to county jail at the time the trial court rendered its decision. Prison officials opposed Nagy's motion, filing a memorandum contra the following day. On July 22, 2008, the trial court denied the motion:
 [Nagy] essentially argues that he is entitled to relief from judgment under Civ. R. 60(B)(5) because his ability to timely file an appeal was hindered by the fact that he did not timely receive a copy of the Court's [d ] ecision on his and [defendants' [m]otions for [s]ummary [judgment. * * *
 [T]he Court finds that [Nagy's] assertions do not fit within the requirements set forth in Civ. R. 60(B).
Decision and entry denying motion for relief from judgment, at 4.
 {¶ 9} Not only was the trial court correct in recognizing that Nagy's request for relief was not supported by Civ. R. 60(B), but even more compelling is the Supreme Court of Ohio's decision in Key v.Mitchell (1998), 81 Ohio St.3d 89, 689 N.E.2d 548, syllabus ("[A] motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment").
 {¶ 10} Phillip Key was sent to prison in 1986 for several robbery convictions. In 1996, Key filed a habeas petition, claiming that his convictions were void because of a *Page 5 
faulty indictment, and lack of jurisdiction. The court ultimately dismissed Key's petition, but instead of appealing the judgment, Key filed a motion to vacate the judgment under Civ. R. 60(B). The court overruled Key's motion.
 {¶ 11} On review of that decision, the Supreme Court of Ohio found that Key was trying to use the Civ. R. 60(B) motion as a means for attacking the judgment, and that the arguments therein should have been raised on appeal:
 * * * Such procedural devices cannot be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a [Civ. R. 60(B)] motion to vacate judgment. * * *
Key, at 91 (quoting State ex rel. Durkin v. Ungaro [1988],39 Ohio St.3d 191, 192, 529 N.E.2d 1268).
 {¶ 12} We find that the circumstances in Key are strikingly similar to those here, and therefore hold that the trial court did not abuse its discretion in overruling Nagy's motion for relief from judgment. Because the relief sought in the trial court was expressly prohibited, we overrule the sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BROWN and McGRATH, JJ., concur. *Page 1