YEHL, APPELLANT, *v.*
YEHL, APPELLEE.

(No. 10-160—Decided
December 10, 1984.)

*Theodore R. Klammer,* for appellant.
*Janice Evans,* for appellee.

DAHLING, J. This is an appeal from a judgment of the Court of Common Pleas of Lake County in which the court overruled plaintiff-appellant's motion for relief from judgment. We reverse and remand for further proceedings.

On June 10, 1983, defendant-appellee, Saundra L. Yehl, filed a motion to show cause and for lump sum judgment. Additionally, a motion to increase child support was filed. On November 29, 1983, a hearing on the motion was held. The plaintiff-appellant, Paul E. Yehl, failed to attend.

On January 31, 1984, appellant filed a motion to vacate under Civ. R. 60(B). On March 22, 1984, the court denied appellant's motion to vacate. This appeal was timely filed on April 12, 1984.

The assignment of error is as follows:

"I. The trial court committed prejudicial error in not granting an evidentiary hearing where the plaintiff-appellant has met all of the requirements under Ohio Rules 60(B)."

The appellant's sole assignment of error is with merit.

The appellant contends that the trial court abused its discretion in failing to grant an evidentiary hearing where the appellant has met all of the requirements under Civ. R. 60(B).

The appellant correctly asserts:

" 'In order to prevail under Rule 60(B) the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civil Rule 60(B)(1) through (5); and (3) the motion is made within a reasonable time.' *G.T.E. Automatic Electric, Inc.* v. *ARC Industries,* 47 Ohio St. 2d 146 [ 1 O.O.3d 86] (1976)."

The record reflects that the appellant has met all of these requirements. The affidavit of the appellant attached to the motion to vacate states in part:

"(2) That I did not receive the motion to show cause, motion for lump sum judgment, and motion to increase child support filed on June 10, 1983.

"(3) That I was not aware of the hearing held on the 29th day of November, 1983 on the above motions.

"(4) That during this period of time, I was out of the area on a hunting trip.

"(5) That the statements of Saundra L. Yehl in some aspects are not all accurate.

"(6) I would like my day in Court, and my failure to appear was not as a result of my neglect."

The appellee takes issue with the above affidavit but she has filed no opposing affidavits. She simply states:

"Petitioner, Saundra L. Yehl, is baffled by the position of Paul E. Yehl that:

"(a) He was not served

"(b) He was not aware of the hearing time."

We do not doubt that the appellee is baffled. However, this is not enough to prevent there from being a genuine issue as to whether appellant was served with the motion. He states he was not served. If he wasn't served then certainly the judgment should be vacated if he meets the other requirements of *G.T.E., supra.*

The motion to vacate was timely filed and appellee takes issue with the statements in appellant's motion. This is a rather strange way of saying I have a meritorious defense but we infer that is his contention.

"The person opposing the motion for relief from a judgment should at least file a brief in opposition and some factual material in testimonial form, such as affidavits, depositions, interrogatories, exhibits, and any other material which will support him." 32A Ohio Jurisprudence 2d (1975) 156, Judgments, Section 619.

In conclusion, the judgment denying appellant's motion to vacate judgment is reversed, the judgment is ordered vacated, and the cause is remanded for further proceedings on appellee's motion to show cause, lump sum judgment; and to increase child support.

*Judgment reversed and
cause remanded.*

FORD, J., concurs.

COOK, P.J., dissents.