OPINION
Appellant, Clyde Dubeansky, d.b.a. Dubeansky's Landscaping and Wholesale Supply, Inc., appeals the judgment entry of the Lake County Court of Common Pleas denying his motion for relief from judgment.
Appellant owns real property in the city of Mentor in an "M-1 District," which is classified in the Mentor Code of Ordinances as property permitted to be used for "light manufacturing." In 1995, appellant operated a wholesale nursery on the property. As part of that business, appellant screened dirt by using a machine called a "power screener." The power screener crushed and chopped unusable soil and, in the process, removed debris from the soil, which converted the dirt into saleable topsoil.
Due to his concern that the process of screening the topsoil on his land might be in violation of local zoning laws, on May 15, 1995, appellant filed an application for a conditional use permit. The application was to be heard by the Mentor Planning Commission on June 1, 1995, but before the matter could be heard, appellant voluntarily withdrew the application as he believed any attempt to obtain a conditional use permit would be futile. Appellant continued to operate his power screener.
Prior to appellee, the city of Mentor, instituting legal proceedings against appellant to stop the use of the power screener on his property, appellant realized that the May 15, 1995 application was futile, so he withdrew it and filed a complaint for declaratory relief on May 26, 1995. In that complaint, appellant sought an order declaring that he was entitled to conduct his business operations on land designated within an M-1 district without the need for a conditional use permit. In response, appellee moved to dismiss his complaint on the ground that the issue was not ripe for determination because no final decision had been made concerning the permit and because appellant failed to exhaust his administrative remedies. After a bench trial, the trial court granted judgment in favor of appellant in an entry dated March 14, 1996.
In Dubeansky v. Mentor (Nov. 28, 1997), Lake App. No. 96-L-049, unreported, 1997 WL 750662 ("Dubeansky I"), which was an appeal from the March 1996 judgment entry, we reversed the decision of the lower court. In that opinion, this court held that appellant was not entitled to a declaratory judgment because the trial court did not have jurisdiction to consider such a motion in the absence of a final ruling by the Mentor Planning Commission on whether the power screener was a permitted use within an M-1 district. Further appellant had not exhausted his administrative remedies. Accordingly, the matter was reversed and remanded. Id. at 3.
On remand, the trial court filed a judgment entry on May 13, 1998, dismissing appellant's cause of action for lack of jurisdiction as requested in appellee's motion to dismiss. On June 12, 1998, appellant filed a notice of appeal with this court from the May 13, 1998 judgment entry. On that same date, appellant filed a Civ.R. 60(B) motion for relief from judgment with the trial court. In a judgment entry dated August 5, 1998, the trial court held that it was without jurisdiction to consider the motion for relief from judgment. Therefore, the trial court denied appellant's motion as being moot. A notice of appeal was filed from that decision on August 17, 1998.
In Dubeansky v. Mentor (Dec. 3, 1999), Lake App. Nos. 98-L-135 and 98-L-183, unreported, 1999 WL 1313695 ("Dubeansky II"), this court reversed the trial court and remanded the matter to the trial court.[1]
We stated that the trial court committed an error by ruling that appellant's motion for relief from judgment was denied as moot. We explained that since the trial court did not rule on the motion for relief from judgment prior to filing of the appeal, the trial court's jurisdiction to consider the merits of the motion was frozen. This court also held that "[t]he trial court's lack of jurisdiction to rule on the motion precluded it from taking any action during the pendency of the appeal regarding appellee's motion to dismiss, unless this court would have remanded the case to the trial court to specifically rule on the Civ.R. 60(B) motion." Id. at 3. On remand, we instructed the trial court to "reevaluate appellant's Civ.R. 60(B) motion for relief from judgment and determine whether there are any new matters which should be contemplated." Id. We also stated that:
 "the trial court should give some consideration to the issue of whether the newly enacted Mentor ordinance [150.249] prohibiting topsoil and screening operations on the site in question would make the effort of appellant to exhaust his administrative remedies futile under prevailing case law, if appropriate submissions present that issue among others." Id.
 On June 16, 2000, the trial court conducted an evidential hearing on the motion for relief from judgment. In an entry dated June 29, 2000, the trial court denied appellant's Civ.R. 60(B) motion. It is from that entry appellant timely filed the instant appeal and now asserts the following as error:
 "[1.] The trial court committed prejudicial error in not granting immediate judgment in appellants [sic] favor on his motion for relief from judgment where the party opposing said motion failed to support its opposition with supporting testimonial material.
 "[2.] The trial court committed prejudicial error in denying appellants [sic] motion for relief from judgment.
 "[3.] The trial court erred by not recognizing that it had jurisdiction to grant appellant's motion for relief from judgment."
 Appellant's motion for relief from judgment is governed by Civ.R. 60(B), which permits a court to relieve a party filing such motion from a final judgment or order if any of the following are established:
 "*** (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud ***, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated ***; or (5) any other reason justifying relief from judgment."
 It is well-settled that in order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense if relief is granted, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
In the first assignment of error, appellant argues that appellee had to support its submissions in opposition to the motion for relief from judgment with supporting testimonial material. Appellant relies on Yehlv. Yehl (1984), 20 Ohio App.3d 381, from our district.[2] However, a review of the law reveals that the movant, appellant in this matter, must demonstrate the three prongs of the GTE test as previously set forth. Pursuant to Civ.R. 60(B), appellee is not required to provide evidence with its opposing motion. Furthermore, Yehl does not require the person opposing the motion for relief from a judgment to submit supporting testimonial evidence. Hence, appellant's first assignment of error is not well-founded.
Under his second assignment of error, appellant contends that the trial court erred in denying his motion for relief from judgment. In this assignment, appellant raises several arguments. Basically, in each of the arguments, appellant claims that the trial court was obligated to award relief from the granting of a motion to dismiss for various reasons.
Specifically, in appellant's arguments, he claims that the trial court was obligated to award relief from the motion to dismiss which was premised on a failure to apply for a conditional use permit because: (1) the trial court concluded that it would have been futile for him to pursue the permit; (2) the evidence demonstrated that Mentor's zoning official and zoning expert reversed their testimony and admitted that appellant was not required to pursue a conditional use permit; (3) the trial court concluded that Mentor asserted an unprecedented and unsubstantiated requirement that he obtain a conditional use permit before beginning his soil screening operation; and (4) the trial court concluded that Mentor's assistant law director deviated from the accepted practice and policy of permitting powerized topsoil screening in an M-1 district without the authority of the city of Mentor. Appellant also claims that he is entitled to relief from judgment because the totality of the circumstances demonstrate an equitable "other reason justifying relief from judgment" as provided in Civ.R. 60(B)(5).
We note that on remand, in Dubeansky II, supra, unreported, at 3, we instructed the trial court to "reevaluate appellant's Civ.R. 60(B) motion for relief from judgment and determine whether there are any new matters which should be contemplated." We also requested that "*** the trial court should give some consideration to the issue of whether the newly enacted Mentor [O]rdinance [150.249] prohibiting topsoil and screening operations on the site in question would make the effort of appellant to exhaust his administrative remedies futile under prevailing case law, if appropriate submissions present that issue among others." Id.
After reviewing the transcript from the hearing on the motion for relief from judgment, it is evident that the trial court did not fully follow the mandates of our remand instruction. It is our view that the trial court did not reevaluate the Civ.R. 60(B) motion, but instead determined that "there are no new matters which should be contemplated." Appellant's second assignment of error has merit.
In his third assignment of error, appellant posits that the trial court committed error by not recognizing it had jurisdiction to grant his motion for relief from judgment. Specifically, appellant avers that in a declaratory judgment action, the trial court has jurisdiction to consider a motion for relief from a judgment of dismissal which was based on a failure to exhaust administrative remedies.
In Dubeansky II, supra, unreported, at 3, we stated that:
 "[e]ven assuming arguendo that the trial court erred in granting appellee's motion to dismiss, it was required to dismiss its ruling on appellant's action for declaratory judgment pursuant to our holding in Dubeansky [I], supra, unreported. In that appeal, [our] court reversed the trial court's decision to grant declaratory judgment in favor of appellant because the court did not have jurisdiction to consider such motion since appellant had not exhausted his administrative remedies. In our remand, we implicitly directed the trial court to dismiss appellant's action for want of jurisdiction. Therefore, the Lake County Court of Common Pleas properly entered judgment against appellant in its May 13, 1998 judgment entry under those circumstances."
 We conclude that since the argument appellant now raises has already been addressed in Dubeansky II, appellant's third assignment of error is without merit.
For the foregoing reasons, appellant's second assignment of error has merit; appellant's first and third assignments of error are without merit. The judgment of the Lake County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.
JUDGE DONALD R. FORD, O'NEILL, P.J., concurs, GRENDELL, J., dissents with Dissenting Opinion.
[1] In Dubeansky II, the matter was affirmed in part and reversed in part. However, the reversal is only pertinent to this appeal.
[2] Yehl is distinguishable from the matter at hand because in Yehl, the appellant, who submitted the Civ.R. 60(B) motion, met all of the requirements set forth in GTE. In support of his Civ.R. 60(B) motion, the appellant filed an affidavit. The appellee took issue with the affidavit, but did not file an opposing affidavit. Thus, this court held that "`[t]he person opposing the motion for relief from a judgmentshould at least file a brief in opposition and some factual material in testimonial form, such as affidavits, depositions, interrogatories, exhibits, and any other material which will support him.' 32A Ohio Jurisprudence 2d (1975) 156, Judgments, Section 619." (Emphasis added.)Id. at 382.