OPINION
This appeal is brought by Steven Kreps from the August 16, 2001 Judgment Entry of the Court of Common Pleas, Shelby County, dismissing his Motion to Dismiss Complaint pursuant to Civ.R. 12(b)(2) and Motion to Vacate and Set Aside Default Judgment pursuant to Civ.R. 60(B)(5).
The record presents the following facts. Defendant-Appellant Steven Kreps is a resident of the State of Indiana operating a business entity named Best Refrigeration Heating Services. Best Refrigeration's principal place of business is located in Muncie, Indiana.
Plaintiff-Appellee Schnippel Construction Inc. (Schnippel) is an Ohio corporation with its principal place of business situated in Botkins, Ohio. Schnippel is engaged in the general contracting business and transacts business and enters into business dealings with project owners and subcontractors on a regular basis in both Indiana and Ohio.
Schnippel was awarded the general contract for the construction and remodeling of the Tower Senior Apartments in Anderson, Indiana. Schnippel invited subcontractors to submit bids for the work to be performed on the project. Kreps (d/b/a Best Plumbing and Heating) submitted a proposal to Schnippel in Ohio for the heating, ventilation, and air conditioning work be done on the Tower project.
Thereafter, the parties negotiated a contract from their respective offices in Ohio and Indiana. A contract was formed and prepared by Schnippel at its office in Ohio and then sent to Kreps in Indiana. Kreps signed the contract and mailed it back to Schnippel's Ohio office.
During the course of the contract, Schnippel and Kreps maintained dealings via written and telephonic correspondence. Payments were made to Kreps from Schnippel in Ohio and then deposited in Krep's bank in Indiana. All labor completed in compliance with the contract was performed in Indiana.
Relations between the parties became strained when Kreps allegedly fell behind in his work and failed to make progress deadlines. On September 2, 1999 Schnippel sent Kreps a written, seven-day notice required by the contract, ordering Kreps to commence and complete the work or Schnippel would invoke its right to terminate the contract and seek remedies for breach.
Schnippel, thereafter, filed a Complaint in the Court of Common Pleas, Sidney County, Ohio for money damages against Kreps on March 16, 2001 alleging breach of contract and unjust enrichment. Kreps was served on March 19, 2001 with a copy of the Complaint and the summons, by certified mail, return receipt requested. On April 16, 2001, Kreps' Indiana counsel sent a letter to Schnippel's attorney asserting that Ohio lacked the requisite jurisdiction over Kreps. However, Kreps did not file a copy of that letter with the trial court nor did he file a response to the Complaint with the trial court.
On April 20, 2001 Schnippel filed a Motion for Default Judgment. The trial court granted the Motion on April 23, 2001. Two days later on April 25, 2001 Kreps filed a notice of limited appearance for the purpose of determining personal jurisdiction. In addition, on that same day, Kreps filed a motion to extend time for filing an answer to Schnippel's Complaint and a Motion to Dismiss the Motion for Default Judgment or in the alternative a Motion for Hearing.
In a May 1, 2001 Judgment Entry the trial court denied Kreps' motions as untimely as Default Judgment had already been entered in the matter. On June 28, Kreps filed a Motion to Dismiss Complaint pursuant to Civ.R. 12(b)(2); lack of personal jurisdiction, a Motion to Vacate and Set Aside Default Judgment pursuant to Civ.R. 60(B)(5).
On August 16, 2001 the trial court denied each of the motions and concluded that it had exercised proper personal jurisdiction over Kreps. Furthermore, the trial court held that Kreps had failed to show that he was entitled to relief under Civ.R. 60(B). It is from this order that Kreps now appeals.
Appellant raises the following assignments of error:
 I. The trial court erred in failing to have an evidentiary hearing on appellant's motion to dismiss complaint, vacate and set aside default judgment and for other relief. The trial court made its decision regarding said motion to dismiss motion for default judgment before having the evidentiary hearing that appellant was entitled to receive.
 II. The trial court erred in its finding that it had exercised valid personal jurisdiction over appellant. The trial court erred in not applying both steps necessary for determining personal jurisdiction over a non-resident defendant
 III. The trial court erred in its finding that appellant failed to show that he is entitled to relief from judgment pursuant to Ohio Civil Rule 60(B). The trial court erred in not granting appellant's motion to dismiss complaint, vacate and set aside default judgment and for other relief when Kreps set forth grounds that would justify such relief.
As an initial matter we note that the appellant advances three assignments of error on appeal contesting the disposition of two separate motions, a Motion to Dismiss and a Motion to Vacate and Set Aside Default Judgment. We dismiss as untimely any argument with respect to the trial court's dismissal of Appellant's Motion to Dismiss for lack of Personal Jurisdiction pursuant to Civ.R. 12(b)(2). A Motion to Dismiss pursuant to Civ.R. 12(b)(2) is a responsive pleading filed in lieu of an answer to a complaint. Said motion must be filed with the court within twenty-eight days from service of the complaint. Schnippel's Complaint was served on Kreps on March 19, 2001. The Motion to Dismiss now before this court was filed on June 28, 2001, beyond 28 days and after Default Judgment was entered, and therefore not timely.
Along those same lines, we note that in his first assignment of error the appellant refers to a Motion to Dismiss Motion for Default Judgment. Presumably, Appellant is referring to a motion filed with the trial court on April 25, 2001, which was dismissed as untimely. This motion is not a subject of this appeal and therefore we will not consider any arguments concerning its dismissal.
In the interests of clarity, we will consider Appellant's assignments of error in the following order: second, third, and then first.
 Second Assignment of Error
In his second assignment of error, Appellant asserts that the trial court erred in determining that it had exercised proper jurisdiction over him when it entered a default judgment in favor of Schnippel.
A default judgment rendered by a court without personal jurisdiction over the parties is void. Westmoreland v. Valley Homes Mut. Hous. Corp. (1975), 42 Ohio St.2d 291, 293-294. A motion to vacate judgment for want of personal jurisdiction constitutes a direct attack upon the judgment and, as such, need not satisfy the requirements of Civ.R. 60(B). LeroyJenkins Evangelistic Assn., Inc. v. Equities Diversified, Inc. (1989),64 Ohio App.3d 82, 89.
Determining whether an Ohio court may exercise personal jurisdiction over a defendant is a two-part analysis. The court first must consider if the assertion of jurisdiction is proper under Ohio's long-arm statute. If the long-arm statute applies, then exercising jurisdiction must not violate the defendant's Fourteenth Amendment right to due process.Kentucky Oaks Mall v. Mitchell's Formal Wear (1990), 53 Ohio St.3d 73. We review the trial court's assertion of personal jurisdiction de novo.
R.C. 2307.382(A)(1), Ohio's "long-arm statute", provides that a court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's transacting any business in this state. The "long-arm statute" is broadly worded and permits jurisdiction over nonresident defendants who are transacting any
business in Ohio. Id. at 75 (emphasis added)
The determination of whether a nonresident defendant's activities amount to "transacting any business" in Ohio is made on a case-by-case basis. U.S. Sprint Communications Co., L.P. v. Mr. K's Foods, Inc. (1994), 68 Ohio St.3d 181, 185. The word "transact" used in the long-arm statute is broader that the term "contract" and embraces in it's meaning "to carry on business" and "to have dealings." Goldstein v. Christiansen
(1994), 70 Ohio St.3d 232, 236.
The facts of the case at bar are not in dispute. Kreps sent a bid to Schnippel in Ohio. Schnippel drafted the contract in Ohio and sent it to Indiana where Kreps signed it. Schnippel signed the contract in Ohio. All labor done on the contract was performed in Indiana. Progress reports were made to Schnippel at its Ohio location. Payments on the contract were sent from Ohio to Indiana. The question, therefore, becomes whether the above facts amount to Kreps "transacting any business" in Ohio.
The trial court answered this question in the affirmative, relying on the Sixth District Court of Appeals' holding in Hammill Mfg. Co. v.Quality Rubber Prod., Inc. (1992), 82 Ohio App.3d 369, 374. In Hammill,
the Sixth District, relying on the Ohio Supreme Court's decision inKentucky Oaks, held that a non-resident who initiated and negotiated a contract with an Ohio corporation, and through a course of dealing became obligated to make payments to the Ohio corporation, was transacting any business in Ohio for purposes of the long-arm statute.
In Kentucky Oaks, the Ohio Supreme Court held that a commercial nonresident lessee "transacted business" in Ohio for purposes of personal jurisdiction under the long-arm statute where the lessee negotiated, and through a course of dealing became obligated, to make payments to its lesser in Ohio. In that case the lessee conducted negotiations of the lease terms by telephone to Ohio.
We concur with the trial court's reliance on Hammill and KentuckyOaks. Kreps submitted a bid to an Ohio Corporation at its Ohio address. He negotiated the contract via telephone and facsimile transmissions with the Ohio Corporation at its Ohio location. Kreps signed an agreement with the Ohio Corporation, becoming obligated to that corporation to perform labor and to receive payment for that labor. We recognize that inHammill the defendant made himself liable to make payments in Ohio whereas in the case at bar Kreps made himself capable of receivingpayments from Ohio. However, we do not believe this distinction is fatal. Kreps owed a duty of performance to the Ohio Corporation. Recognizing that Ohio courts have held that "transacting business is broadly defined" the facts of this case more than demonstrate that Kreps, through his dealings with Schnippel, transacted business in Ohio. Therefore, the assertion of personal jurisdiction was proper under R.C. 2307.382(A)(1).
The second prong of the test for personal jurisdiction is whether the assertion of jurisdiction over Kreps would offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington(1945), 326 U.S. 310, 316.
The United States Sixth Circuit Court of Appeals has established a three-part test to determine whether the assertion of personal jurisdiction comports with due process. First, the defendant must purposefully avail himself of the privilege of conducting activities within the forum state; second, the cause of action must arise from the defendant's activities there; and third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make its exercise of jurisdiction over the defendant fundamentally fair. Cole v. Mileti (C.A.6 (Ohio) 1998),133 F.3d 433, certiorari denied; 119 S.Ct. 42. (citing Nationwide Mut.Ins. Co. v. Tryg Int'l Ins. Co. (1996), 91 F.3d 790, 794; SouthernMachine Co. v. Mohasco Industries Inc. (1968), 401 F.2d 374, 381)
In Cole, the Sixth Circuit held that personal jurisdiction could be asserted over a nonresident defendant in the resident's breach of contract action where the defendant transacted business in Ohio by negotiating and executing a contract via telephone calls and letters to the Ohio resident. The court further found that the assertion of personal jurisdiction was presumed to be fundamentally fair, given that the defendant "purposefully availed" himself of the privilege of activities within the forum state and the cause of action arose directly from that contact. Id. at 436 (citing Burger King Corp. v. Rudzewicz (1985),471 U.S. 462, 475-76, 479).
A nonresident defendant purposefully avails himself of the privilege of conducting activities in a forum state when he knowingly enters into a contract with a resident of and in the forum state. In CompuServe Inc.v. Patterson (1996), 89 F.3d 1257, 1264 the Sixth District Court of Appeals held that a nonresident defendant knowingly entered into a contract with an Ohio Corporation. According to the court in CompuServe, that was enough to purposefully avail himself of the privilege of activity within the state to make him subject to the jurisdiction of the Ohio court. In the case at bar, Kreps knew that Schnippel was an Ohio corporation. Thus, Kreps purposefully availed himself of the privilege of activity in Ohio, thus subjecting himself to Ohio's jurisdiction when he voluntarily entered into a contract with an Ohio corporation. Furthermore, the breach of contract claim asserted against Kreps arises directly out of that contact with Ohio. Finally, the consequences caused by the defendant, the alleged breach of contract, have a substantial enough connection with Ohio making the exercise of jurisdiction over the Kreps fundamentally fair.
Accordingly, the assertion of personal jurisdiction by the trial court is proper, as the requirements under the Ohio long arm statue and constitutional due process have been satisfied. Appellant's second assignment of error is overruled.
 Third Assignment of Error
In his third assignment of error Kreps asserts that the trial court erred in denying his Motion to Vacate Default Judgment pursuant to Civ.R. 60(B)(5) since he had a meritorious defense, specifically, the improper assertion of personal jurisdiction. We disagree.
The trial court's denial of a motion to vacate a default judgment will not be overturned absent an abuse of discretion. Hoffman v. New LifeFitness Centers, Inc. (1996), 116 Ohio App.3d 737 (citing Terwoord v.Harrison (1967), 10 Ohio St.2d 170, 171). In GTE Automatic Elec. v. ARCIndustries (1976), 47 Ohio St.2d 146 the Supreme Court of Ohio held: "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time." Id. at paragraph two of the syllabus.
Civ.R. 60(B) provides that a court may relieve a party from a final judgment for (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. Civ.R. 60(B)(5) relies upon the inherent power of the court to prevent the unfair application of a judgment. NewarkOrthopedics, Inc. v. Brock (1994), 92 Ohio App.3d 117, 123.
Kreps' sole argument for the proposition that the motion to vacate should have been granted is that the trial court lacked personal jurisdiction over him. We have already determined that the assertion of jurisdiction was proper. Therefore, Appellant's argument is not well taken and his third assignment of error is overruled.
 First Assignment of Error
In his first assignment of error the appellant asserts that the trial court was required to hold an evidentiary hearing prior to ruling on his Motion to Vacate and Set Aside Default Judgment in order to determine whether personal jurisdiction was proper.
Since matters of jurisdiction are often not apparent on the face of the summons or pleadings, evidentiary hearings are an appropriate vehicle for resolving jurisdictional issues. A trial court may thus hear the matter and receive oral testimony. Giachetti v. Holmes (1984), 14 Ohio App.3d 306. However, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts, which would warrant relief. Richard v. Seidner (1997),78 Ohio St.3d 116, 117; Yehl v. Yehl (1984), 20 Ohio App.3d 381.
In the case at bar the appellant did not request a hearing in conjunction with his Motion to Vacate and Set Aside Default Judgment. Rather he submitted an affidavit admitting that he signed a contract with Schnippel which he knew to be an Ohio Corporation.
Nevertheless, Kreps argues that the trial court was required to hold an evidentiary hearing on the issue of personal jurisdiction by citing the persuasive authority of the Tenth District Court of Appeals' holding in CompuServe v. Trionfo (1993), 91 Ohio App.3d 157.
CompuServe is distinguishable on its facts. In that case, the pleadings submitted by the parties presented a factual issue as to whether appellant, as an individual, transacted business in Ohio and was therefore subject to the jurisdiction of the trial court. The Appellant inCompuServe argued that she was an agent of the non-resident defendant and therefore she herself was not transacting business in Ohio.
Unlike in CompuServe, this case presented no factual disputes making an evidentiary hearing necessary. Rather, both parties submitted affidavits, which created no factual disputes and presented the trial court with ample information to make its determination. While the parties may dispute what "transacting business" means, that matter is one of law and not fact.
Accordingly, Appellant's first assignment of error is overruled. For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Shelby County is hereby AFFIRMED.
Judgment affirmed.
SHAW, P.J., and WALTERS, J., concur.