JOURNAL ENTRY AND OPINION
{¶ 1} This case is an appeal by defendant-appellant, John J. Gill ("Gill"), from the July 8, 2002 denial of his motion to vacate. On January 27, 2003, the trial court submitted a nunc pro tunc journal entry for July 8, 2002, which further explained its reasoning for denying the motion to vacate. For the reasons set forth below, we find that Gill's first and second assignments of error are without merit, but that Gill's third assignment of error is well taken. The decision of the trial court is reversed and remanded for the purpose of conducting an evidentiary hearing.
 I. {¶ 2} Plaintiff-appellee, Samuel L. Buoscio ("Buoscio"), inmate no. A243-856, is currently incarcerated at the Southern Ohio Correctional Facility. Buoscio had retained attorneys John J. Gill and Ross R. Paul to perform legal services. Buoscio received a letter from counsel listing the attorney rate at $150 per hour and specifying that the $3,000 retainer had been received. Buoscio sent numerous letters, documents and pleadings from four separate jurisdictions and several different cases to his attorneys. Counsel's review of these documents was time-consuming and costly. Buoscio was notified by counsel via mail and telephone that his repeated correspondence involving several different cases was substantially increasing their workload and legal fees.
 {¶ 3} Buoscio, dissatisfied with his representation, filed a complaint with the Cleveland Bar Association and the Ohio Supreme Court; both complaints were ultimately dismissed. Buoscio next filed a complaint in Cuyahoga County Common Pleas Court. On August 31, 2000, defendant-appellant, attorney John J. Gill, filed his motion for summary judgment. Buoscio filed opposition to Gill's motion for summary judgment on October 13, 2000. The trial court granted Gill's motion for summary judgment on October 30, 2000.
 {¶ 4} Buoscio appealed the summary judgment ruling to this court, which reversed and remanded the case to the trial court for the limited purpose of obtaining additional evidence regarding the validity of the motion for summary judgment. See Buoscio v. Gill (Sept. 27, 2001), Cuyahoga App. No. 78842, 2001 Ohio App. LEXIS 4343 ("Buoscio I").
 {¶ 5} In Buoscio I, this court stated the following:
 {¶ 6} "Our opinion today is based on procedure and Gill's failure to satisfy his burden under Dresher. This opinion should not be read to foreclose Gill from again seeking summary judgment on remand and, with the presentation of additional evidence as outlined in the previous paragraph, summary disposition of this case may be appropriate."
 {¶ 7} Buoscio I was then remanded to the trial court, with the above instructions, to obtain additional evidence.
 {¶ 8} Gill contacted the trial court on October 24, 2001, and orally requested a case management conference ("CMC"). However, due to the fact that the file had not been sent back to the trial court from the court of appeals, Gill was told that a case management conference would be set at a later date. On October 26, 2001, Buoscio filed his motion for summary judgment.
 {¶ 9} Gill inadvertently failed to respond to Buoscio's motion for summary judgment. Gill informed the court that the reason he failed to oppose summary judgment was due to personal health problems. On February 14, 2002, the trial court granted Buoscio's unopposed motion for summary judgment.
 {¶ 10} On March 15, 2002, Gill filed a motion to vacate that summary judgment ruling. The motion to vacate was overruled via a nunc pro tunc entry that was journalized on January 27, 2003, as and for July 8, 2002. It is this July 8, 2002 denial of his motion to vacate from which Gill is now appealing.
 II. {¶ 11} Gill asserts three assignments of error. His first assignment of error states that "the trial court abused its discretion in failing to follow the mandate of the Eighth District Court of Appeals wherein the case was remanded for the purpose of obtaining additional testimony, facts and/or evidence from the parties relative to the original granting of the motion for summary judgment filed by defendant-appellee (now defendant-appellant), John J. Gill."
 {¶ 12} Gill's argument is limited to the order directly on appeal. He filed his appeal with this court on August 6, 2002, stating in his Notice of Appeal that:
 {¶ 13} "Notice is hereby given that defendant, John J. Gill, hereby appeals to the Ohio Court of Appeals for the Eighth Appellate District from the rulings of the Cuyahoga County Court of Common Pleas filed in this case on July 8, 2002, copies of which are attached hereto as Exhibits `A.'"
 {¶ 14} Exhibit "A" is comprised solely of the trial court's July 8, 2002 nunc pro tunc journal entry and opinion relative to the denial of Gill's motion to vacate.
 {¶ 15} Gill's first assignment of error in his brief addresses the motion for summary judgment and not the motion to vacate. The motion to vacate is the order appealed from. His appeal is specifically limited to the trial court's denial of his motion to vacate, he may not expand his appeal to include errors not directly on appeal. Gill's first assignment of error is therefore overruled.
 III. {¶ 16} The second assignment of error states that "[T]he trial court abused its discretion in failing to follow Cuyahoga County Common Pleas Court's Local Rule 21."
 {¶ 17} Loc.R. 21 of the Cuyahoga County Common Pleas Court, General Division, states:
 {¶ 18} "For the purpose of insuring the readiness of cases for pretrial and trial, the following procedure shall be in effect. Within ninety (90) days after suit is filed, the case shall be set by the Court for a case management conference to establish case management procedures to prepare the case for an effective final pretrial. At that time the Court will take appropriate action on the service, leaves to plead, time limitations for discovery, scheduling a date for the pretrial hearing and any other steps warranted under the circumstances.
 {¶ 19} "A pretrial conference shall be conducted in all civil cases prior to being scheduled for trial, except in actions for injunctions, foreclosures, marshaling of liens, partition, receiverships and appeals from administrative agencies."
 {¶ 20} This case was filed in the trial court on April 4, 2000 and the trial court, consistent with its obligation to conduct a case management conference ("CMC") within 90 days of filing of the complaint, conducted a CMC on June 30, 2000. Gill has already had a CMC. There is no further requirement in the local rules stating that a second CMC must be conducted. The trial court has already conducted a CMC and the defendant was already well aware of the case. Furthermore, the error is harmless under Civ.R. 61 in that the failure of the trial court to conduct a second CMC did not substantially affect the rights of the parties in this case. Gill's second assignment of error is overruled.
 IV. {¶ 21} Gill's third assignment of error states that "The trial court abused its discretion in failing to grant defendant-appellant's motion to vacate plaintiff's motion for summary judgment."
 {¶ 22} Ohio Civ.R. 60(B) states:
 {¶ 23} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 {¶ 24} "(1) mistake, inadvertence, surprise or excusable neglect;
 {¶ 25} "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
 {¶ 26} "(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
 {¶ 27} "(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
 {¶ 28} "(5) any other reason justifying relief from the judgment."
 {¶ 29} If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civ.R. 60(B), the trial court must grant a hearing to take evidence and verify the facts before it rules on the motion. If it overrules the motion without first affording the opportunity to the movant to present evidence in support of the motion at an evidentiary hearing, its failure to grant a hearing is an abuse of discretion. Adomeit v. Baltimore
(1974), 39 Ohio App.2d 97. A hearing should be granted on a motion to vacate if the moving party alleges facts which would entitle him to vacation. Yehl v. Yehl (1984), 20 Ohio App.3d 381.
 {¶ 30} The proponents of a motion for relief from judgment premised on Civ.R. 60(B)(1), excusable neglect, must be afforded a hearing to determine the validity of the claim, if such motion is accompanied by facts indicating a valid defense. Brenner v. Shore (1973)34 Ohio App.2d 209.
 {¶ 31} Where a movant for relief from judgment under Civ.R. 60(B) alleges operative facts warranting relief, the judge should grant a hearing to take evidence and verify or discredit the allegations before ruling on the motion. U.A.P. Columbus JV326132 v. Plum (1986),27 Ohio App.3d 293. Although there were sufficient operative facts warranting relief, the trial court herein did not conduct a hearing to obtain the additional evidence this court mentioned in Buoscio I.
 {¶ 32} In addition to the aforementioned authority, the evidence below further supports Gill's position regarding the third assignment of error. Gill's affidavit of August 29, 2000, states that:
 {¶ 33} "It was agreed that the hourly rate would be one hundred fifty ($150.00) dollars per hour for each attorney.
 {¶ 34} "It was conceded that when he, John J. Gill, and attorney Ross R. Paul were working together that the total charge would be one hundred fifty ($150.00) dollars per hour, in effect reducing the hourly rate, however when working separately the hourly rate would remain at one hundred fifty ($150.00) dollars per hour per attorney.
 {¶ 35} "There were two visitations and conferences with Samuel L. Buoscio while he was in Cuyahoga County Jail.
 {¶ 36} "There were numerous telephone conversations with Samuel L. Buoscio.
 {¶ 37} "Numerous letters, correspondence, and documents were received and sent relative to inmate Sam Buoscio's Trust Account and his other perceived problems.
 {¶ 38} "Numerous correspondence and pleadings were received from Samuel L. Buoscio. In total, more than nine hundred pages were received.
 {¶ 39} "These pleadings were read and reviewed.
 {¶ 40} "Samuel L. Buoscio was notified that his expert witness, F. Aurelius McKanze had been shown to be Fulton McKants, and that state and county documents stated that he was a forger, and a thief along with other accusations.
 {¶ 41} "He spent more than thirty-five (35) hours performing legal services on behalf of Samuel L. Buoscio working separately and independently of attorney Ross R. Paul.
 {¶ 42} "He spent more than fifteen (15) hours performing legal services on behalf of Samuel L. Buoscio working together with attorney Ross R. Paul.
 {¶ 43} "He spent many more hours defending himself and having Samuel L. Buoscio's claims against him before the Cleveland Bar Association and the Disciplinary Counsel of the Ohio Supreme Court dismissed."
 {¶ 44} In addition to Gill's affidavit detailed above, attorney Ross R. Paul submitted an affidavit dated August 31, 2000, in which he averred the following:
 {¶ 45} "Affiant states that attorney John J. Gill received a retainer fee of three thousand (3,000.00) to represent Plaintiff Buoscio with the help of above mentioned affiant who is also an Attorney.
 {¶ 46} "Affiant further states that it was agreed that the hourly rate for each attorney would be one hundred fifty dollars per hour for each attorney if each attorney was working separately or one hundred and fifty dollars (150.00) if said attorneys were working jointly at the same time.
 {¶ 47} "Affiant had spent far more than fifteen (15) hours working with attorney Gill and Gill had performed more than thirty-five hours working separately from affiant."
 {¶ 48} In addition to the aforementioned affidavits, the evidence in the record comprised operative facts warranting relief from judgment. The trial court's file contains: (1) a letter to Samuel L. Buoscio indicating the retainer fee and terms of payment; (2) affidavits showing that the number of hours worked exceeded thirty-five hours; (3) information relating to Buoscio's expert witness, Fulton J. McCants, a.k.a., F.A. McKanze, who was convicted of forgery; and (4) copies of theCleveland Plain Dealer's account of a separate trial, wherein F. Aurelious McKanze appeared as an expert witness, was discovered, charged and pled guilty to forgery and ultimately committed suicide.
 VI. {¶ 49} The prior instruction of this court, see Buoscio I, and the evidence in the record establishes that the trial court should have conducted a hearing in order to evaluate and obtain sufficient evidence.
 {¶ 50} Based on the facts in the record and the previous direction from the appeals court, the trial court erred when it denied Gill's motion to vacate. This court finds that the appellant's third assignment of error is well taken.
 {¶ 51} The decision of the trial court is reversed and remanded for the purpose of conducting an evidentiary hearing.
TIMOTHY E. McMONAGLE, J., concurs.
COLLEEN CONWAY COONEY, P.J., concurs in judgment only with separate concurring opinion.