COMPUSERVE, INC., Appellee,

v.

TRIONFO, Appellant, et al.

[Cite as *CompuServe, Inc. v. Trionfo* (1993), 91 Ohio App.3d 157.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–729.

Decided Oct. 14, 1993.

*Enz, Jones & LeGrand* and *James P. Seguin,* for appellee.

*Hammond Law Office, Gary W. Hammond* and *Frederick A. Sewards,* for appellant.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Deanna M. Trionfo, appellant, from the April 21, 1993 judgment of the Franklin County Court of Common Pleas which denied appellant's motion for relief from a default judgment rendered on November 15, 1991. Appellant has timely appealed and asserts the following assignment of error:

"The trial court erred in failing to vacate the default judgment against Deanna M. Trionfo as the trial court could not exercise personal jurisdiction over her."

The history of this case is as follows. On April 14, 1991, appellee, CompuServe, Inc., filed a complaint alleging that it had provided reports to appellant, Deanna Trionfo, and Receivable Management Services ("RMS"),[1] and that appellant and RMS owed appellee $16,550.22 for the use of its computer information service. On April 15, 1991, appellant Trionfo and RMS were served with the complaint. Accordingly, an answer was due on or about May 13, 1991. None was filed. The record reflects letters between the attorneys of the parties which discuss obtaining Ohio counsel for appellant, and obtaining information for appellee's counsel to review, in an attempt to settle this dispute. Appellee waited six months for information from appellant, and when none was forthcoming, filed a motion for default judgment on November 13, 1991. Attached to this motion was an affidavit which stated that an unpaid balance of $16,550.22 was due and owing to CompuServe, from appellant Trionfo, doing business as RMS. On November 15, 1991, the trial court granted appellee's motion for a default judgment. On November 29, 1991, appellant Trionfo filed a letter with the court, that she deemed a "written response" to the complaint. On November 12, 1992, nearly a year after the court granted default judgment, appellant filed a *pro se* motion to vacate the default judgment. Appellee claims that it was served with this motion to vacate on November 19, 1992. The court denied appellant's motion to vacate default judgment on April 21, 1993. The trial court also noted that appellant Trionfo was not authorized to practice law and, therefore, could not represent RMS's interest in the lawsuit.[2] The court held that the motion to vacate default

---

1. On appeal, appellee argues that RMS is not a corporation, and refers this court to its "Memorandum Contra the Motion for Reconsideration" and Exhibit A attached thereto. However, no such pleading was filed with the trial court and this court is unable to find the "New Jersey Corporate Status Report" that appellee describes in its brief. This court also notes that paragraph two of count one of appellee's complaint refers to RMS as a corporation. Upon remand, the issue of whether or not RMS is a corporation, and whether or not Deanna Trionfo was acting as its agent or employee, must be resolved in order to determine if the lower court has personal jurisdiction over appellant Trionfo.

2. See *Union Savings Assn. v. Home Owners Aid* (1970), 23 Ohio St.2d 60, 52 O.O.2d 329, 262 N.E.2d 558, syllabus; *Palmer v. Westmeyer* (1988), 48 Ohio App.3d 296, 549 N.E.2d 1202.

judgment was valid as to appellant Trionfo, but was invalid with respect to RMS. Accordingly, the court concluded that the motion to vacate default judgment should be stricken from the record with respect to RMS. Thereafter, appellant filed a motion to reconsider. It appears that the trial court did not rule on this motion, as a motion to reconsider is not properly brought before the court of common pleas once a judgment entry is filed. On June 16, 1993, appellant filed an appeal with this court.

■ On appeal, appellant again argues that the trial court lacked personal jurisdiction and that, as a result, the judgment should be vacated. Appellant contends that she was entitled to relief from the default judgment under Civ.R. 60(B)(1), 60(B)(4) and 60(B)(5). This court would initially note that a judgment rendered without personal jurisdiction over a defendant is *void.* *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941; *Peoples Banking Co. v. Brumfield Hay & Grain Co.* (1961), 172 Ohio St. 545, 18 O.O.2d 88, 179 N.E.2d 53, paragraph two of the syllabus; *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 59 O.O. 74, 133 N.E.2d 606. Therefore, the authority to vacate a void judgment "is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts." *Patton, supra,* paragraph four of the syllabus.

■ A party seeking to challenge such a void judgment must file a motion to vacate or set aside the judgment. *In re Miller* (1986), 33 Ohio App.3d 224, 515 N.E.2d 635; *Security Ins. Co. v. Regional Transit Auth.* (1982), 4 Ohio App.3d 24, 4 OBR 45, 446 N.E.2d 220. It is not significant that the motion is *styled* as one made pursuant to Civ.R. 60(B). *U.S. Sprint Communications Co. v. Mr. K's Foods, Inc.* (Dec. 31, 1990), Franklin App. No. 90AP–629, unreported, 1990 WL 250516. See, also, *Grant v. Ivy* (1980), 69 Ohio App.2d 40, 23 O.O.3d 34, 429 N.E.2d 1188. A movant, however, need not present a meritorious defense to be entitled to relief from a void judgment. *Peralta v. Heights Med. Ctr., Inc.* (1988), 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75. Nor must a movant show that the motion was timely filed under the guidelines of Civ.R. 60(B) if a judgment is void. *Smith v. L.D.H. Communications of Ohio, Inc.* (Feb. 9, 1993), Franklin App. No. 92AP–1081, unreported, 1993 WL 34602; *In re Murphy* (1983), 10 Ohio App.3d 134, 10 OBR 184, 461 N.E.2d 910; *Satava v. Gerhard* (1990), 66 Ohio App.3d 598, 585 N.E.2d 899; see, generally, *Associated Estates Corp. v. Fellows* (1983), 11 Ohio App.3d 112, 11 OBR 166, 463 N.E.2d 417.

Appellee argues that the trial court was correct in finding that it had personal jurisdiction, and that its judgment is therefore valid. In its March 12, 1993

decision [3] overruling appellant's motion to vacate default judgment, the trial court concluded that appellant was transacting business in Ohio and, therefore, the court had personal jurisdiction pursuant to Civ.R. 4.3 and Ohio's long-arm statute, R.C. 2307.382.

■ The exercise of long-arm jurisdiction in Ohio depends not only upon the nonresident having sufficient minimum contacts with Ohio to satisfy due process but, also, upon the fulfillment of one of the specified circumstances found in Civ.R. 4.3(A) and R.C. 2307.382(A). *Ohio State Tie & Timber, Inc. v. Paris Lumber Co.* (1982), 8 Ohio App.3d 236, 8 OBR 309, 456 N.E.2d 1309, paragraph one of the syllabus. Both Civ.R. 4.3(A)(1) and R.C. 2308.382(A)(1) specify that a court may exercise personal jurisdiction over a cause of action arising from a defendant's "transacting any business in this state."

The pleadings submitted by the parties in the instant action present a factual issue as to whether appellant, as an individual, transacted business in Ohio and was therefore subject to the jurisdiction of the trial court. Appellant argues that any business she transacted was done on behalf of RMS and was not done for herself and, therefore, the trial court did not have jurisdiction over her. Appellee argues that appellant requested these reports and received them without paying for them, and that her correspondence to appellee, her initiation of the contract, and the language of the service agreement with CompuServe are sufficient to establish that appellant was transacting business in Ohio. Thus, appellee argues that the trial court had personal jurisdiction over appellant Trionfo.

■ This conflict in the pleadings should have been resolved after an evidentiary hearing. We find that the trial court erred in failing to hold such a hearing. *U.S. Sprint Communications, supra.* This court notes that there is no evidence in the record upon which the trial court could base its decision that it had personal jurisdiction.

■ Furthermore, to subject a nonresident defendant to a judgment in personam, there must exist certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment. *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 101. Generally, this requires that the defendant purposely avail herself of the privilege of conducting activities in the forum state. *Hanson v. Denckla* (1958), 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283, 1297. The fact that a defendant has not physically entered the forum state does not

3. This decision was journalized on March 15, 1993, and the judgment entry was later journalized on April 21, 1993.

necessarily defeat personal jurisdiction. As stated by the United States Supreme Court in *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528, 543:

"Jurisdiction in these circumstances may not be avoided merely because the defendant did not *physically* enter the forum State. Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there. *Keeton v. Hustler Magazines, Inc., supra* [ (1984) ], 465 U.S. [770], at 774–775, 104 S.Ct. [1473], at 1478 [79 L.Ed.2d 790, 797–798]; see also *Calder v. Jones* [ (1984) ], 465 U.S. [783], at 778–790, 104 S.Ct. [1482], at 1486–1487 [79 L.Ed.2d 804, 811–813]; *McGee v. International Life Insurance Co.* [ (1957) ], 355 U.S. [220], at 222–223, 78 S.Ct. [199], at 200–201 [2 L.Ed.2d 223, 225–226]. Cf. *Hoopeston Canning Co. v. Cullen*, 318 U.S. 313, 317, 63 S.Ct. 602, 605, 87 L.Ed. 777 [782] (1943)." (Emphasis *sic.*) See, also, *Nationwide Fed. Credit Union v. Monroe* (Oct. 11, 1990), Franklin App. No. 90AP–344, unreported, 1990 WL 152928.

 Another primary factor to be considered is foreseeability. *Anilas, Inc. v. Kern* (1987), 31 Ohio St.3d 163, 164, 31 OBR 366, 367, 509 N.E.2d 1267, 1268; *World–Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501. This foreseeability derives from defendant's conduct and connection with the forum state, making it reasonable that he should anticipate being brought into court there. *Id.* Further, even if minimum contacts exist, the court should balance the relevant interests to determine if jurisdiction is fair and reasonable in any event. See *Indus. Comm. v. First Natl. Bank of St. Paul* (May 16, 1989), Franklin App. No. 88AP–1013, unreported, 1989 WL 52987. This court has previously stated that it would constitute "a breach of due process to decide conflicting facts merely upon opposing statements in affidavits or pleadings," where no evidentiary hearing had been held, and the parties had not stipulated to factual determinations that were at issue. *Infern–O–Therm Corp. v. Thickstun Bros. Equip. Co., Inc.* (Apr. 16, 1991), Franklin App. No. 91AP–51, unreported, 1991 WL 60682.

 The pleadings raise numerous factual issues which should have been resolved after conducting an evidentiary hearing. We therefore sustain appellant's sole assignment of error and remand this case to the trial court to conduct a hearing on the issue of whether or not it had personal jurisdiction over

appellant. In the event that the trial court determines that there is personal jurisdiction as to appellant Trionfo, then the issue of whether the judgment is voidable pursuant to Civ.R. 60(B) must be addressed. In *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, the Supreme Court of Ohio held:

"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Id.* at paragraph two of the syllabus.

These requirements are in the conjunctive, and all three requirements must be met in order to prevail on a motion under Civ.R. 60(B). *Id.* at 151, 1 O.O.3d at 89, 351 N.E.2d at 116.

In the instant action, the trial court found that appellant had asserted meritorious defenses, in that she argued that appellee's performance of the contract was unsatisfactory and that the charges were in dispute. Thus, the first prong of *GTE* was met. The trial court did not address the third prong (whether appellant's motion was timely filed), for it found that appellant failed to present sufficient grounds for relief to be granted under Civ.R. 60(B)(5) and had therefore not satisfied the second prong of *GTE, supra.* We find that the trial court erred in making this determination without conducting an evidentiary hearing. As stated by this court in *Matson v. Marks* (1972), 32 Ohio App.2d 319, 61 O.O.2d 476, 291 N.E.2d 491:

"While in some instances evidence may be adequately presented in the form of affidavits, and in other instances, because of the nature of the grounds for relief, oral testimony may be required, a party cannot be found in default of presenting such evidence until required to do so either by rule or order of the court. As stated above, neither the Civil Rules nor the rules of the trial court require the submission of affidavits in support of a motion for relief from judgment, pursuant to Civ.R. 60(B). Neither did the trial court at any time order the submission of such evidence. Where a motion for relief from judgment sets forth grounds which, if true, would justify such relief, the trial court should not overrule such motion without first affording an opportunity to the movant to present evidence in support of the motion." *Id.* at 326–327, 61 O.O.2d at 480–481, 291 N.E.2d at 497.

For the reasons set forth above, appellant's sole assignment of error is sustained. Upon remand, if the court finds that it does not have personal jurisdiction, the default judgment is void *ab initio.* If the court finds that it does

have personal jurisdiction, then Civ.R. 60(B) must be considered and an evidentiary hearing must be held in order to take evidence to either verify the facts justifying relief, or make a factual determination adverse to the movant, prior to ruling on the motion. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and BOWMAN, JJ., concur.