DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas denying appellant's motion to have judgment against him declared void ab initio "pursuant to Civ.R. 60(B)(5)" and to dismiss this cause pursuant to Civ.R. 12(B)(6). Appellant, Timothy Blakeman, asserts the following assignments of error:
 "The trial court committed reversible error by ostensibly concluding that it had jurisdiction to render final judgment against the defendant/appellant when, in fact, the defendant/appellant had never been properly named as a defendant and had never appeared in the case."
 "The trial court committed reversible error by applying the requirements of Civ.R. 60(B) to a judgment which should have been declared void ab initio."
 "The trial court committed reversible error by not recognizing the statute of limitations as a defense against plaintiff's complaint."
On April 12, 1996, appellee, Owners Insurance Company ("Owners"), filed a complaint seeking an award of $25,427.54, the amount paid to its insured, Basil Chong, under the uninsured motorist provision of his Owners motor vehicle insurance policy. The complaint alleged that on June 1, 1995, the named defendant, "Timothy Blakemore," negligently caused the motor vehicle accident that injured Chong.
The complaint and summons was served by certified mail to "Timothy Blakemore" at 505 Sackett Street, Maumee, Ohio 43537. While the signature on the return receipt is illegible, Timothy Blakeman concedes that he signed that receipt. However, no pleading was ever filed by either Timothy Blakemore or Timothy Blakeman. Consequently, on June 21, 1996, Owners filed a motion for a default judgment against the named defendant, Timothy Blakemore.
On July 11, 1996, the trial court granted the motion for a default judgment and continued the case for an assessment hearing. While the court's judgment indicates that a copy of the same was to go to Timothy Blakemore, the appearance docket does not include a notation that the judgment was ever sent to Timothy Blakemore. Nonetheless, Owners' subsequent request for a continuance does certify that a copy of that motion was sent to Timothy Blakemore at the Sackett Street address.
On September 11, 1996, the trial court awarded Owners $25,427.54, plus costs and interest against Timothy Blakeman. Likewise, the defendant's name in the case caption is designated as "Timothy Blakeman." This is the first time that appellant's name appears in the record of this cause, and it does so without the use of any procedural vehicle by Owners, specifically, a motion to amend the complaint, and an order of the trial court. The docket sheet does not indicate that a copy of the judgment was ever sent to either Timothy Blakemore or Timothy Blakeman. Upon the request of Owners, a judgment lien was issued against Timothy Blakeman.
On March 23, 2000, Blakeman, who appeared only for the purpose of challenging the trial court's personal jurisdiction over him, filed a motion to vacate the September 11, 1996 judgment. Even though he asserted that his motion was brought pursuant to Civ.R. 60(B)(5), he argued that the judgment was null and void for lack of personal jurisdiction. Appellant further maintained that if the trial court vacated the judgment, Owners was barred from bringing a cause of action against him because it would be barred by the two year statute of limitations found in R.C. 2305.10. Appellant claimed, therefore, that the instant cause should be dismissed pursuant to Civ.R. 12(B)(6).
The trial court treated appellant's motion as a motion for relief from judgment brought under Civ.R. 60(B). The court held that "a court is to presume that service is proper when the plaintiff has complied with the Ohio Rules of Civil Procedure unless the movant rebuts the presumption." (Citation omitted.)The trial court found that a presumption of proper service existed in this case because the method of service used by Owners could reasonably be expected to reach and give notice of the pending lawsuit. The court based this decision on the following facts: (1) service of the complaint was sent to the address listed in the relevant accident report; (2) Blakeman acknowledged the fact that he signed the return receipt for service of process; (3) Blakeman admitted to being the driver of the vehicle involved in the accident on June 1, 1995; and (4) Blakeman and Blakemore are very similar names. The court then concluded that appellant had no meritorious defense because he conceded that he was served notice of the lawsuit and, in any event, his Civ.R. 60(B)(5) motion was not made within a reasonable time. Due to its denial of the motion for relief from judgment, the court did not address appellant's motion to dismiss.
In his second assignment of error, appellant contends that the trial court erred in applying the requisites of Civ.R. 60(B) to a judgment that was void ab initio. We agree.
A judgment is void ab initio where a court rendering the judgment has no jurisdiction over the person. Records Deposition Service, Inc. v.Henderson Goldberg, P.C. (1995), 100 Ohio App.3d 495, 502;Compuserve, Inc. v. Trionfo (1993), 91 Ohio App.3d 157, 161; Sperry v.Hlutke (1984), 19 Ohio App.3d 156. Therefore, the authority to vacate a void judgment "is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts." Patton v. Diemer (1988),35 Ohio St.3d 68, paragraph four at the syllabus. Moreover, the fact that a motion to set aside a verdict is styled as a motion made pursuant to Civ.R. 60(B) has no significance. Compuserve, Inc. v. Trionfo,91 Ohio App.3d at 161.
In the case before us, Blakeman asserted that the default judgment entered by the trial court was null and void for lack of personal jurisdiction. Thus, he was not compelled to establish the requirements of Civ.R. 60(B)(5). Accordingly, the trial court did err as a matter of law in assessing Blakeman's motion under that rule. Consequently, appellant's second assignment of error is found well-taken.
In his first assignment of error, Blakeman contends that the trial court erred in concluding, in essence, that it had the jurisdiction to enter a default judgment against an improperly named defendant who never appeared in this case. Again, we must agree with Blakeman.
The issue before the court was not the propriety of service. Instead, the question was whether the case was ever commenced, i.e., whether jurisdiction was ever acquired over Timothy Blakeman. Civ.R. 3 provides, in material part:
 "(A) Commencement. A civil action is commenced by filing a complaint with the court if service is obtained within one year from such filing upon a named defendant or upon an incorrectly named defendant whose name is later corrected pursuant to Rule 15(C) * * *."
The Editor's Note found in Page's Ohio Revised Code to amended Civ.R. 3(A) refers to the proper procedure to be followed to commence an action when a defendant is misnamed. The Editor's Note specifically states: "* * * if a plaintiff timely files his action within the limitations period and perfects service within one year on the proper defendant, butinadvertently misspells that defendant's name in the complaint, the plaintiff may amend his complaint in order to set forth defendant's correct name, and that amendment, pursuant to Civ.R. 15(C), will relate back to the time of the commencement of the action * * *." (Emphasis added.) See, also, Cecil v. Cottrill (1993), 67 Ohio St.3d 367, 371.
In the present case, Owners misspelled Timothy Blakeman's name as Timothy Blakemore but perfected service within one year. Nevertheless, Owners failed to amend its complaint to correct the defendant's misspelled name. Thus, this cause was never commenced against Timothy Blakeman, the court never acquired personal jurisdiction over Blakeman and, consequently, the default judgment was void ab initio. Blakeman's first assignment of error is found well-taken.
In his third assignment of error, appellant claims that the trial court erred in failing to dismiss this cause with prejudice as being barred by the statute of limitations. As we have concluded that appellant was never a party to this action and that the trial court's judgment against him is null and void, any resolution of this issue is purely academic and does not present a live controversy between these parties. See Wagnerv. Cleveland (1988), 62 Ohio App.3d 8, 13. Therefore, we cannot consider Blakeman's third assignment of error.
The judgment of the Lucas County Court of Common Pleas is reversed. Appellee, Owners Insurance Company, is ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.