OPINION
{¶ 1} Appellant Kevin L. Landis appeals the decision of the Fairfield County Court of Common Pleas, Domestic Relations Division, which denied his motion for relief from judgment in a paternity and child support case. The Appellee is the Fairfield County Child Support Enforcement Agency ("FCCSEA"). The relevant facts leading to this appeal are as follows.
 {¶ 2} On June 8, 1991, Heather R. Harris gave birth to a son, Cory A. Clark. On June 13, 2001, FCCSEA filed a complaint to establish Cory's paternity, naming appellant as the alleged father. A notice of hearing was placed thereon for August 6, 2001. The complaint also alleged that Heather had previously utilized her administrative remedy by requesting a determination of paternity via the Clark County, Ohio, CSEA, and that said request was dismissed for good cause shown. FCCSEA duly requested service of its complaint to appellant at 307 Flagg Street, Myrtle Beach, South Carolina. On July 16, 2001, the Fairfield County Clerk of Courts issued a notice of failure of service, stating that the certified mail attempt on appellant was unclaimed. At FCCSEA's request, the clerk sent a copy of the complaint to the same South Carolina address by ordinary mail.
 {¶ 3} Heather appeared on August 6, 2001 for the initial hearing on the complaint. Appellant did not appear nor did he file an answer to the complaint. FCCSEA thereupon moved for a default judgment on paternity and child support. The trial court therefore issued a judgment entry on September 5, 2001, establishing appellant as Cory's father and ordering child support.
 {¶ 4} On December 10, 2001, appellant filed a "Motion to Set Aside Judgment," citing Civ.R. 60(B)(3), (4), and (5). Appellant therein claimed that he was not aware of the Fairfield County action until he received notice of a pending federal tax return intercept for arrearage collection. He argued that the Clark County Common Pleas Court had vacated the previous administrative paternity action and dismissed a corresponding support request in Clark County, thus making the issue subject to res judicata. Appellant also alleged that FCCSEA "misrepresented" that the Clark County administrative paternity order was still valid. Appellant further contended that there existed no proper finding of paternity to justify a child support order, that the action was barred by the statute of limitations, and that proper jurisdiction would have remained in Clark County. FCCSEA filed a written response on February 1, 2002. Appellant filed a supplemental memorandum on February 4, 2002. The trial court denied the motion via a judgment entry filed February 13, 2002.
 {¶ 5} Appellant timely filed a notice of appeal therefrom, and herein raises the following seven Assignments of Error:
 {¶ 6} "I. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT IN DENYING THE APPELLANT'S RULE 60(B) MOTION WHEN THE ORDER OF SUPPORT ISSUED AGAINST THE APPELLANT SHOULD BE VACATED PURSUANT TO CIVIL RULE 60(B), WHERE THE "ADMINISTRATIVE ORDER OF PARENTAGE" ISSUED IN CLARK COUNTY, OHIO WAS TIMELY CHALLENGED BY THE APPELLANT, AND WAS SUBSEQUENTLY VACATED FOLLOWING THE APPELLANT'S CHALLENGE, AND NO DETERMINATION OF PARENTAGE WAS MADE PURSUANT TO O.R.C. 3111.22(A)(1).
 {¶ 7} "II. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT WHEN IT HELD THAT ISSUES WHICH WERE OR COULD HAVE BEEN RAISED BY THE APPELLEES WERE NOT BARRED BY THE DOCTRINE OF RES JUDICATA.
 {¶ 8} "III. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT WHEN IT IMPROPERLY ASSERTED JURISDICTION OVER THE INSTANT CASE.
 {¶ 9} "IV. THE APPELLEE IS BARRED BY THE STATUTE OF LIMITATIONS IN THE CASE AT BAR.
 {¶ 10} "V. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT WHEN IT HELD THAT `THERE HAVE BEEN ISSUES OF SERVICE, BUT THE REGULAR MAIL NOTICE OF SEPTEMBER 5, 2001 RULING WAS NEVER RETURNED BY THE POST OFFICE AND THE RULING IS VALID,' WHERE THE RECORD CLEARLY DEMONSTRATES FAILURE OF SERVICE ON THE APPELLANT.
 {¶ 11} "VI. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT WHEN IT FAILED TO SET FORTH THE FACTS AND CONCLUSIONS OF LAW IN THE DECISION DENYING THE APPELLANT'S RULE 60(B) MOTION. THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 12} "VII. THE APPELLEE, BY FILING A SUBSEQUENT SUMMONS, COMPLAINT, AND NOTICE OF HEARING WITH REGARD TO THE SAME CLAIMS RAISED IN THE ORIGINAL ACTION HAS CONSENTED TO VACATING THE TRIAL COURT'S SEPTEMBER 5, 2001 ORDER UNDER THE DOCTRINE OF IMPLIED CONSENT."
 V. {¶ 13} As we find appellant's Fifth Assignment of Error to be dispositive of the present appeal, we will address it first. In his Fifth Assignment of Error, appellant argues that the record demonstrates a question of service of the paternity complaint and therefore the trial court abused its discretion in overruling his motion to set aside judgment. We agree.
 {¶ 14} Civ.R. 4.6(D), "Service unclaimed," reads as follows:
 {¶ 15} "If a certified or express mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record or, if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party, by mail."
 {¶ 16} As we noted in G.F.S. Leasing Management Inc. v.Mack (June 27, 2000), Stark App. Nos 1999CA00391, 1999CA00390, Ohio law clearly provides that a judgment rendered without personal jurisdiction over a defendant is void ab initio rather than voidable. See, e.g.,CompuServe, Inc. v. Trionfo (1993), 91 Ohio App.3d 157, 161,631 N.E.2d 1120. Accordingly, a judgment rendered without proper service is a nullity and is void. Lincoln Tavern, Inc. v. Snader (1956),165 Ohio St. 61, 64, 133 N.E.2d 606. The authority to vacate a void judgment, therefore, "is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." Patton v.Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, at paragraph four of the syllabus. A party seeking to vacate a void judgment must, however, file a motion to vacate or set aside the same. CompuServe, supra, at 161,631 N.E.2d 1120. Yet to be entitled to relief from a void judgment, a movant need not present a meritorious defense or show that the motion was timely filed under Civ.R. 60(B). Id.
 {¶ 17} "Courts will presume service to be proper in cases where the civil rules are followed unless the defendant rebuts the presumption by sufficient evidence." Bank One Cincinnati, N.A. v. Wells (Sept. 18, 1996), Hamilton App. No. C-950279, citing In re Estate of Popp (1994),94 Ohio App.3d 640, 650, 641 N.E.2d 739. Some courts have held that an uncontroverted affidavit stating that the affiant did not receive service of process is enough to require that a default judgment be held void ab initio. See, e.g., Rafalski v. Oates (1984), 17 Ohio App.3d 65, 17 OBR 120, 477 N.E.2d 1212. However, in the case sub judice, appellant did not submit an affidavit, but instead alleged in his motion to set aside that "[he] never received notice of this action, and was unaware of the institution of proceedings," despite indication in the record that the unclaimed certified mail service attempt was followed by ordinary mail, which was not returned by the post office. See Civ.R. 4.6(D).
 {¶ 18} Our research has revealed no clear direction under Ohio law as to whether such an unsworn allegation should warrant an evidentiary hearing to determine whether the paternity complaint was properly served on appellant. We note, however, that default judgments are not favored in the law; cases should be decided on their merits rather than on technical grounds. Bank One Cincinnati, supra, citing Rice v. GeneralDynamics Land Systems (1993), 86 Ohio App.3d 841, 844, 621 N.E.2d 1304,1306. Likewise, in Cincinnati Ins. Co. v. Emge (1997), 124 Ohio App.3d 61,64, 705 N.E.2d 408, 410, the court concluded the following in regard to a defendant's motion to vacate a default judgment: "Without a hearing, the trial court could not have appropriately assessed [defendant's] credibility or the persuasiveness of [defendant's] evidence and could not have determined whether [defendant] was truthful in alleging that he did not receive proper service of process. At such a hearing, if the court finds that the plaintiff strictly complied with the civil rules regarding service, then the defendant has the burden to prove that service was not received." In the case sub judice, the trial court denied appellant's motion, without a hearing, despite simultaneously concluding "[t]here have been issues of service but the regular mail notice of the September 5, 2001 ruling was never returned by the post office and the ruling is valid." Judgment Entry, February 13, 2002. Under such circumstances, we are persuaded that the trial court abused its discretion in overruling appellant's motion without at least permitting an evidentiary hearing to assess the claim of invalid service of process. See CompuServe, Inc., supra, at 162.
 {¶ 19} Appellant's Fifth Assignment of Error is therefore sustained.
 I., II., III. IV., VI., VII. {¶ 20} Based on our holding in regard to appellant's Fifth Assignment of Error, we find the remaining issues to be premature and/or moot for review by this Court. We therefore decline to address the remaining Assignments of Error.
 {¶ 21} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Domestic Relations Division, Fairfield County, is hereby reversed and remanded for further proceedings, with directions to the trial court to conduct an evidentiary hearing on the motion to set aside judgment, to permit appellant the opportunity to present proof on the issue of service.
By: Wise, J., Farmer, P.J., and Boggins, J., concur.
Topic: Motion for Relief from Judgment.