DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, we are asked to determine whether the trial court erred in finding that it had personal jurisdiction over appellant, Phillip P. The facts material to a disposition of this issue are as follows.
 {¶ 2} In a consent judgment filed on December 29, 1993, the juvenile court established a legal parent-child relationship between Phillip and his son, Brandon P., born October 22, 1992. Brandon's mother, Jeannine G., was named the residential parent and legal custodian of Brandon. Phillip was awarded visitation and companionship rights and ordered to pay monthly child support.
 {¶ 3} However, on June 15, 1998, the trial court entered a consent judgment terminating Phillip's child support obligation. The record reveals that Jeannine was married to someone else at that time and that the stepfather wanted to adopt Brandon. Phillip agreed to consent to the adoption and to pay any child support arrearages in exchange for the termination of child support.
 {¶ 4} Phillip subsequently refused to fulfill the terms of the June 15, 1998 judgment. Therefore, Jeannine and appellee, the Lucas County Child Support Enforcement Agency ("LCCSEA"), which intervened in the action, filed a motion to vacate that judgment. A hearing was held, and the parties again reached an agreement. Phillip agreed to consent to the adoption and pay $600 toward the adoption fees. In return, Phillip was relieved of his obligation to pay any child support and any support arrearages. This agreement was made an order of the court on July 23, 1999.
 {¶ 5} On March 26, 2001, LCCSEA filed, on behalf of Jeannine, a motion asking the juvenile court to order Phillip to pay child support, to provide health insurance for Brandon, and to pay any extraordinary medical expenses expended on Brandon's behalf. The motion stated that the child was never adopted by his stepfather. The praecipe for service of a copy of this motion on Phillip requests that it be served by certified mail "or other method as deemed appropriate according to law." The docket sheet of this case discloses that service was made by ordinary mail to "1149 Woodville Rd., Toledo, OH 43609."
 {¶ 6} Phillip failed to appear for the hearing on the motion. Consequently, the juvenile court calculated an order of child support by estimating Phillip's yearly gross income. In the court's July 27, 2001 judgment entry, Phillip was also ordered to provide health insurance for Brandon and to pay his extraordinary medical expenses.
 {¶ 7} Because Phillip failed to comply with the juvenile court's order of child support, LCCSEA filed a show cause motion. This motion was sent, by certified mail, to Phillip at "7055 Corduroy Road, Oregon, OH 43618" and was signed and returned. The docket sheet reflects that at the hearing set on the motion to show cause, Phillip appeared, and was appointed counsel.
 {¶ 8} At that point, appointed counsel filed a motion for relief from judgment pursuant to Civ.R. 60(B). In that motion, counsel argued that the July 27, 2001 order should be vacated due to defective service of process of the motion to set support. The trial court disagreed and denied the motion. Phillip appeals and sets forth the following assignment of error:
 {¶ 9} "I. The trial court erred in denying appellant's motion to vacate judgment where appellant did not receive notice of the hearing on the motion to set support pursuant to Civ.R. 4.1, and the trial court lacked personal jurisdiction over appellant."
 {¶ 10} Prior to any discussion of Phillip's assignment of error, we must point out that the sole issue in this case is defective service of process. When a defendant raises the issue of failure of service of process, the question is whether the court lacks jurisdiction to consider the complaint and, if so, any judgment on that complaint is void ab initio. Kurtz v. Kurtz (1991), 71 Ohio App.3d 176, 182 (Citations omitted.). Because a court has the inherent power to vacate a void judgment, a party who asserts that the trial court lacks personal jurisdiction over him due to a faulty service of process does not need to satisfy the requirements of Civ.R. 60(B). Doolin v. Doolin (1997),123 Ohio App.3d 296, 300; United Home Fed. v. Rhonehouse (1991),76 Ohio App.3d 115, 123. Therefore, while a defendant must file a motion to vacate a judgment that is void due to lack of personal jurisdiction, neither the movant, the trial court, nor this court is required to apply the standard generally used to determine a Civ.R. 60(B) motion.CompuServe, Inc. v. Trionfo (1993), 91 Ohio App.3d 157, 161.
 {¶ 11} The starting point in our consideration of Phillip's assignment of error is Juv.R. 35(A), which provides that "[t]he continuing jurisdiction of the court shall be invoked by motion filed in the original proceeding, notice of which shall be served in the manner provided for the service of process." Juv.R. 16(A) states that such notice shall be served as provided in Civil Rules 4 through 6. Civ.R. 4.1(A) requires that service of process "shall be by certified mail or express mail," and that "[t]he clerk shall forthwith enter the fact of mailing on the docket and make a similar entry when the return receipt is received." Service by ordinary mail can be made only if the certified letter is refused or returned as unclaimed. Civ.R. 4.6(C) and (D). In each of these circumstances, the clerk must notify the attorney of record or, if there is no attorney of record, the serving party. The attorney or serving party must then file a written request for ordinary mail service. Id.
 {¶ 12} As applied to facts of the case before us, the docket sheet clearly shows that Phillip was served with the March 26, 2001 motion to set child support by ordinary mail only. Thus, the service requirements of Juv.R. 35(A) were not satisfied. Therefore, the continuing jurisdiction of the juvenile court was not invoked. Further, due to a failure to provide notice, the court lacked the personal jurisdiction over Phillip needed to enter an order of support. Therefore, the July 27, 2001 order is void. See In re Thomas (June 15, 1995), Cuyahoga App. Nos. 67520, 67523. It follows that any subsequent order of the lower court predicated on the July 27, 2001 order is also a nullity.
 {¶ 13} For the foregoing reasons, Phillip's sole assignment of error is found well-taken. Because it is void, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is vacated. LCCSEA is ordered to pay the costs of this appeal.
 JUDGMENT VACATED. Peter M. Handwork, P.J., Mark L. Pietrykowski, J., Arlene Singer,J.JUDGE, CONCUR.