OPINION
{¶ 1} On July 15, 2002, appellee, Sunrise Equipment Supply Company, filed a complaint against appellant, Ljubinko Zlatanov, for monies due and owing in conjunction with repairs made on appellant's Teco bucket truck which was purchased from appellee.
 {¶ 2} On August 27, 2002, appellee filed a motion for default judgment. A hearing was held on September 12, 2002. By judgment entry filed September 25, 2002, the trial court granted said motion and awarded appellee $13,247.19.
 {¶ 3} On January 17, 2003, appellant filed a motion to vacate the default judgment pursuant to Civ.R. 60(B). By judgment entry filed February 4, 2003, the trial court denied said motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO VACATE DEFAULT JUDGMENT."
 I {¶ 6} Appellant claims the trial court erred in denying his motion to vacate the default judgment pursuant to Civ.R. 60(B). We disagree.
 {¶ 7} Appellant based his motion to vacate on failure of service of process and therefore void judgment. In State of Ohio, ex rel.Fairfield County CSEA v. Landis, Fairfield App. No. 2002CA00014,2002-Ohio-5432, ¶ 16, this court discussed void judgments as follows:
 {¶ 8} "As we noted in G.F.S. Leasing Management Inc. v.Mack (June 27, 2000), Stark App. Nos. 1999CA00391, 1999CA00390, Ohio law clearly provides that a judgment rendered without personal jurisdiction over a defendant is void ab initio rather than voidable. See, e.g.,CompuServe, Inc. v. Trionfo (1993), 91 Ohio App.3d 157, 161,631 N.E.2d 1120. Accordingly, a judgment rendered without proper service is a nullity and is void. Lincoln Tavern, Inc. v. Snader (1956),165 Ohio St. 61, 64, 133 N.E.2d 606. The authority to vacate a void judgment, therefore, `is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts.' Patton v.Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, at paragraph four of the syllabus. A party seeking to vacate a void judgment must, however, file a motion to vacate or set aside the same. CompuServe, supra, at 161,631 N.E.2d 1120. Yet to be entitled to relief from a void judgment, a movant need not present a meritorious defense or show that the motion was timely filed under Civ.R. 60(B). Id."
 {¶ 9} This court went on to state the following at ¶ 17:
 {¶ 10} "`Courts will presume service to be proper in cases where the civil rules are followed unless the defendant rebuts the presumption by sufficient evidence.' Bank One Cincinnati, N.A. v. Wells (Sept. 18, 1996), Hamilton App. No. C-950279, citing In re Estate of Popp (1994),94 Ohio App.3d 640, 650, 641 N.E.2d 739. Some courts have held that an uncontroverted affidavit stating that the affiant did not receive service of process is enough to require that a default judgment be held void ab initio. See, e.g., Rafalski v. Oates (1984), 17 Ohio App.3d 65, 17 OBR 120, 477 N.E.2d 1212."
 {¶ 11} Appellant argues in his unchallenged affidavit executed January 13, 2003 that he never received the summons which was properly sent pursuant to Civ.R. 4.6(C) which states the following:
 {¶ 12} "If service of process is refused, and the certified or express mail envelope is returned with an endorsement showing such refusal, or the return of the person serving process states that service of process has been refused, the clerk shall forthwith notify, by mail, the attorney of record or, if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shall be deemed complete when the fact of mailing is entered of record. Failure to claim certified or express mail service is not refusal of service within the meaning of division (C) of this rule."
 {¶ 13} Appellant does not argue that Civ.R. 4.6(C) was an improper manner of service or that the address used was not his place of residence. Appellant merely claims he did not receive the complaint. However, appellant's request for relief followed the attachment proceedings initiated by appellee after receiving default judgment, using the same address as noted in the complaint and used for service under Civ.R. 4.6(C).
 {¶ 14} Service was marked "refused" as to the certified mail service and then disregarded as to the ordinary mail service. Appellant, by ignoring the rules of service of process by refusing to sign or answer, bears the consequences of those actions.
 {¶ 15} Upon review, we find the trial court did not err in denying appellant's motion to vacate.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Massillon Municipal Court of Stark County, Ohio is hereby affirmed.
By Farmer, P.J., Hoffman, J. and Wise, J. concur.