OPINION
{¶ 1} Appellant Demand Waterproofing, Inc. appeals the decision of the Court of Common Pleas, Stark County, which denied its motion for relief from a prior default judgment. The relevant facts leading to this appeal are as follows.
 {¶ 2} On February 16, 2005, Appellee Wayne Homes filed a fifteen-count complaint alleging breach of contract, misrepresentation, negligence, and product liability against Appellant Demand Waterproofing, Inc. (an Indiana corporation) and several other defendants. Count Five of the complaint alleged that appellant breached a subcontractor agreement with appellee by failing to timely make basement repairs to residential homes constructed by appellee. Count Six alleged that appellant was negligent in its installation and/or failed to perform the installation of "Houseguard" waterproofing systems in a workmanlike manner.
 {¶ 3} On February 25, 2005, service on appellant by certified mail failed. On March 23, 2005, service on appellant by certified mail again failed. On April 18, 2005, appellee pursued service on appellant through the Ohio Secretary of State, pursuant to R.C.1703.191.
 {¶ 4} On June 23, 2005, appellee filed an application for default judgment against appellant. On June 27, 2005, the trial court granted a default judgment against appellant for $227,602.00, plus interest and costs, in favor of appellee.
 {¶ 5} On August 10, 2005, appellant filed a motion for relief from judgment. Appellee responded with a memorandum in opposition on August 24, 2005. Via a judgment entry filed August 26, 2005, the trial court denied appellant's motion for relief from judgment.
 {¶ 6} On September 22, 2005, appellant filed a notice of appeal. It herein raises the following two Assignments of Error:[1]
 {¶ 7} "I. THE TRIAL COURT ERRED IN DENYING DEMAND WATERPROOFING, INC.'S MOTION FOR RELIEF FROM JUDGMENT BECAUSE WAYNE HOMES, LLC NEVER OBTAINED PROPER SERVICE ON DEMAND WATERPROOFING, INC.
 {¶ 8} "II. THE TRIAL COURT ERRED IN DENYING DEMAND WATERPROOFING, INC.'S MOTION TO VACATE JUDGMENT BECAUSE DEMAND WATERPROOFING, INC. DID NOT HAVE NOTICE OF THE LAWSUIT FILED BY WAYNE HOMES, LLC.
 I. {¶ 9} In its First Assignment of Error, appellant argues the trial court erred in denying relief from the default judgment on the basis of statutory service of process. We disagree.
 {¶ 10} The relevant statute, R.C. 1703.191, provides a method of service on unlicensed foreign corporations via service of process on the Ohio Secretary of State. It reads in pertinent part as follows:
 {¶ 11} "Any foreign corporation required to be licensed under sections 1703.01 to 1703.31 of the Revised Code, which transacts business in this state without being so licensed, shall be conclusively presumed to have designated the secretary of state as its agent for the service of process in any action against such corporation arising out of acts or omissions of such corporation within this state, including, without limitation, any action to recover the statutory forfeiture for failure to be so licensed. Pursuant to such service, suit may be brought inFranklin [C]ounty, or in any county in which such corporation didany act or transacted any business. Such service shall be made upon the secretary of state by leaving with him, or with an assistant secretary of state, duplicate copies of such process, together with an affidavit of the plaintiff or one of the plaintiff's attorneys, showing the last known address of such corporation, and a fee of five dollars which shall be included as taxable costs in case of judicial proceedings. Upon receipt of such process, affidavit, and fee the secretary of state shall forthwith give notice to the corporation at the address specified in the affidavit and forward to such address by certified mail, with a request for return receipt, a copy of such process. * * *." (Emphasis added).
 {¶ 12} Appellant specifically maintains that appellee has failed to comply with the requirements of R.C. 1703.191 because "Wayne Homes cannot show that [Appellant] Demand has done any act or transacted any business in Stark County." Appellant's Brief at 9. Appellant correspondingly asserts, although with no recitation to the record, that "[a]ll of the jobs done by Demand" that form the basis of appellee's complaint were performed outside of Stark County. Id.
 {¶ 13} A review of appellant's motion for relief from judgment nonetheless reveals that although reference was made to R.C. 1703.191, the bases of the argument therein were the assertions that appellant had been out of business since August 2003 and that appellant's Indiana addresses were no longer valid. See Motion for Relief from Judgment, August 10, 2005, at 2-3. At no point did appellant assert to the trial court that Stark County was an improper forum due to appellant's purported lack of business activity within the county. An appellate court will generally not consider any error which a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. See, e.g., Pastor v.Pastor, Fairfield App. No. 04 CA 67, 2005-Ohio-6946, ¶ 17, citingState v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168, 170,522 N.E.2d 524.
 {¶ 14} Therefore, appellant's present attempt to raise a "forum" argument under R.C. 1703.191 for the first time on appeal is not well-taken. Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 15} In its Second Assignment of Error, appellant contends the trial court erred in denying its motion for relief from judgment on the basis of purported lack of notice of the lawsuit. We disagree.
 {¶ 16} Ohio law clearly provides that a judgment rendered without personal jurisdiction over a defendant is void ab initio rather than voidable. State of Ohio, ex rel. Fairfield CountyCSEA v. Landis, Fairfield App. No. 2002CA00014, 2002-Ohio-5432, ¶ 16, citing G.F.S. Leasing Management Inc. v. Mack (June 27, 2000), Stark App. Nos. 1999CA00391, 1999CA00390, See, also,CompuServe, Inc. v. Trionfo (1993), 91 Ohio App.3d 157, 161,631 N.E.2d 1120. Accordingly, a judgment rendered without proper service is a nullity and is void. Lincoln Tavern, Inc. v.Snader (1956), 165 Ohio St. 61, 64, 133 N.E.2d 606. The authority to vacate a void judgment, therefore, "is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." Patton v. Diemer (1988),35 Ohio St.3d 68, 518 N.E.2d 941, at paragraph four of the syllabus.
 {¶ 17} The record in the case sub judice reveals that appellee first attempted certified mail service on Appellant Demand Waterproofing, "c/o Burvel Lemmings, Statutory Agent," at 7665 E. 300 N., Howe, Indiana. This attempt was returned as "no mail receptacle" on February 25, 2005. Appellee next attempted certified mail service at P.O. Box 150, Mango (sic), Indiana. This attempt was returned as "box closed — no order" on March 23, 2005.
 {¶ 18} On April 18, 2005, appellee filed a praecipe for service to the Ohio Secretary of State, pursuant to R.C.1703.191. The documents were received by the Secretary of State on April 20, 2005. Included therewith was an affidavit by appellee's counsel stating, inter alia, "[t]he address of the Incorporator and President [of appellant] as of filing with the Indiana Secretary of State was: Burvel Lemmings, 5805 S. 455 E., Wolcottville, Indiana 46795."
 {¶ 19} Appellant presently claims that the default judgment should have been vacated because appellant allegedly did not receive "actual notice" of appellee's complaint. Appellant's Brief at 12. In its motion for relief from judgment, appellant attached an affidavit from Burvel Lemmings stating that the aforesaid Howe, Mongo, and Wolcottville, Indiana addresses were "closed and/or invalid as of August 2003." Lemmings Affidavit, August 10, 2005. However, the documents supplied to the trial court by appellee with its response to the motion for relief from judgment give no indication that the notice and process subsequently forwarded by the Ohio Secretary of State to appellant per R.C. 1703.191 came back as returned or unclaimed. See Exhibit 6 to Affidavit of Michael Gruber.
 {¶ 20} Appellant's proposed interpretation of R.C. 1703.191
would nearly completely subvert its procedural efficacy. As a foreign corporation which chose not to register in Ohio, thus forfeiting the designation of its own statutory agent in this state, appellant effectively acquiesced to allowing the Ohio Secretary of State to fulfill that role. See Cripple v.Gillespie (April 7, 1995), Lawrence App. No. 94CA6. Therefore, under the circumstances of this case, we find no error by the trial court in the denial of appellant's motion for relief from default judgment.
 {¶ 21} Accordingly, appellant's Second Assignment of Error is overruled.
 {¶ 22} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, P.J. Hoffman, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.
[1] We note the two assigned errors stated at p. 4 of appellant's brief do not match the two assigned errors set forth later in the brief. We will utilize the latter set, as they form the basis of the arguments presented in the text of the brief. See App.R. 16(A)(7).