[Cite as *Cincinnati Equine v. Sandringham Farm*, 2016-Ohio-803.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CINCINNATI EQUINE, LLC, | : | APPEAL NO. C-150067 |
| | | TRIAL NO. 08CV-15831 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| SANDRINGHAM FARM, LLC, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  March 4, 2016

*Graydon Head & Ritchey, LLP, Harry J. Finke IV* and *Harry W. Cappel,* for Plaintiff-Appellee,

*Freund Freeze & Arnold, LPA, Jack S. Gatlin* and *Thomas P. Doyle,* and *Miller Wells, PLLC, William C. Rambicure* and *David A. Cohen,* for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**MOCK, Judge.**

{¶1}   Plaintiff-appellee Cincinnati Equine, LLC, operates a large-animal veterinary practice in Ohio.   Defendant-appellant Sandringham Farm, LLC, purportedly owns race horses and has a principal place of business in Georgetown, Kentucky.  In May 2008, Cincinnati Equine filed a complaint in the Hamilton County Municipal Court claiming that Sandringham Farm owed $2,142.45 for veterinary services "the majority of which were provided in Hamilton County, Ohio."

{¶2}   The complaint was served on Mr. and Mrs. Thomas J. Young as members of Sandringham Farm at addresses in Georgetown, Kentucky, and Naples, Florida.   Thomas Young attempted to file a pro se answer on behalf of the corporation, but the trial court struck the pleading.   Young filed several other pleadings, but the corporation did not appear in the action.

{¶3}   Cincinnati Equine filed a motion for a default judgment, which was denied by the trial court without explanation.  Cincinnati Equine then filed a motion for summary judgment.  In support of the motion, it submitted an affidavit in which it stated that it had "an agreement with Sandringham Farm" to provide veterinarian services to the horses listed on the attached invoice.  The invoice listed three horses and five separate dates of service.  On November 5, 2008, the trial court granted the motion for summary judgment.

{¶4}   After some initial attempts to collect on the judgment, nothing happened in the case until 2014.  At that point, Sandringham Farm, represented by counsel, appeared in the action and filed a verified motion to void the judgment.  As part of that motion, Young averred that the three horses listed on the invoice belonged to him, not to Sandringham Farm.  He also averred that the horses were

2

mostly maintained in Kentucky and raced at Turfway Park in Kentucky. He further stated that Cincinnati Equine provided most of the care for Young's horses in Boone County, Kentucky. Cincinnati Equine submitted a counter-affidavit that stated only that "[p]rior to the filing of the Complaint in this case, [Cincinnati Equine] performed veterinary services for Sandringham Farm, LLC in both Hamilton County, Ohio and Kentucky."

{¶5} The trial court denied the motion to void the judgment without an evidentiary hearing. In three assignments of error, Sandringham Farm now appeals.

{¶6} In its first assignment of error, Sandringham Farm claims that the trial court erred when it granted Cincinnati Equine's motion for summary judgment. In its second assignment of error, Sandringham Farm claims that the trial court erred when it struck Young's pro se answer. But both of those decisions became final and appealable on November 5, 2008, when the trial court entered final judgment in the case. *See* R.C. 2505.02(B)(1). The time to appeal those decisions has run. *See* App.R. 4(A)(1). We overrule Sandringham Farm's first two assignments of error.

{¶7} In its third assignment of error, Sandringham Farm claims that the trial court erred when it denied the motion to void the judgment. We conclude that the trial court should have conducted an evidentiary hearing before ruling on the motion.

{¶8} As this court has previously noted, "a judgment rendered without personal jurisdiction over a defendant is void." *Bardes v. Great Gatsby's Auction Gallery*, 1st Dist. Hamilton No. C-960421, 1997 Ohio App. LEXIS 1611, *4 (Apr. 23, 1997), citing *Compuserve, Inc. v. Trionfo*, 91 Ohio App.3d 157, 161, 631 N.E.2d 1120 (10th Dist.1993). A void judgment is a nullity that may be collaterally attacked at any time. *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 46;

3

*Boehm, Kurtz & Lowry v. Evans Landscaping, Inc.*, 1st Dist. Hamilton No. C-140597, 2015-Ohio-2692, ¶ 9.

{¶9}    Cincinnati Equine cites our decision in *Estate of Hodary v. Chancey*, 1st Dist. Hamilton No. C-980896, 1999 Ohio App. LEXIS 6024 (Dec. 17, 1999), for the proposition that Sandringham Farm has waived the argument that the trial court lacked personal jurisdiction over it.  In that case, we stated

> [p]ersonal jurisdiction, unlike subject-matter jurisdiction, may be waived.  Civ.R. 12(B) requires that a defense of lack of personal jurisdiction must be presented either in the defendant's answer or by motion prior to the filing of defendant's answer.  Thus, if the defense is not asserted in a Civ.R. 12 motion, in a responsive pleading, or in a Civ.R. 15(A) amended responsive pleading, such defense is waived.

*Id.* at 5.  The distinction between *Hodary* and this case is that the defendant in *Hodary* appeared in the action and filed an answer.  In doing so, however, he failed to "contest the trial court's jurisdiction over him at that point [in his answer], or in any motion prior to his answer, or in any amendment to his original answer." *Id.*

{¶10}    In this case, Young's pro se attempts notwithstanding, Sandringham Farm did not appear prior to the trial court's decision granting summary judgment.  Where a defendant has not made an appearance in the matter, that defendant may challenge the judgment as void for lack of personal jurisdiction by filing a common-law motion to vacate or to set aside the judgment.  *See State ex rel. DeWine v. 9150 Group L.P.*, 9th Dist. Summit No. 25939, 2012-Ohio-3339, ¶ 7, citing *Compuserve*, 91 Ohio App.3d 157, 631 N.E.2d 1120.

{¶11}    While Sandringham Farm concedes that it was properly served with the complaint, proper service of process alone does not vest a court with personal

jurisdiction. *During v. Quoico*, 10th Dist. Franklin No. 11AP-735, 2012-Ohio-2990, ¶ 26. Whether an Ohio court has personal jurisdiction over a nonresident defendant involves a two-part inquiry. *U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 183, 624 N.E.2d 1048 (1994). First, we must determine whether Ohio's long-arm statute, R.C. 2307.382, and its complementary civil rule, Civ.R. 4.3(A), confer jurisdiction. *Id.* at 184. If so, we next must decide whether exercising jurisdiction comports with due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution. *Id.* This due-process requirement may be satisfied where the forum state has either specific or general jurisdiction over a nonresident. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), fn. 8 and 9.

{¶12} R.C. 2307.382 and Civ.R. 4.3(A) allow Ohio courts to exercise jurisdiction over nonresident defendants in causes of action arising from several enumerated circumstances, including a nonresident's "[t]ransacting any business in this state." R.C. 2307.382(A)(1); Civ.R. 4.3(A)(1). Courts have construed this phrase broadly to mean not only "to contract," but also "to carry on business" and "to have dealings." *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236, 638 N.E.2d 541 (1994).

{¶13} As to general jurisdiction, a defendant who maintains "continuous and systematic" contacts with the forum state may be subject to its jurisdiction, even where the conduct complained of did not arise from the continuous and systematic contacts. *Helicopteros* at 415; *Internatl. Shoe Co. v. State of Washington, Office of Unemp. Comp. & Placement*, 326 U.S. 310, 318, 66 S.Ct. 154, 90 L.Ed. 95 (1945). But the record contains no evidence that Sandringham Farm had contacts with Ohio which were "continuous and systematic."

{¶14} Alternately, three requirements must be met to establish specific jurisdiction. *Fern Exposition Servs., LLC v. Lenhof*, 1st Dist. Hamilton No. C-130791, 2014-Ohio-3246, ¶ 21, citing *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968). First, defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. *Id.* Second, the cause of action must arise from the defendant's activities there. *Id.* Finally, the acts of the defendant or consequence caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.*

{¶15} In this case, Cincinnati Equine presented evidence, through the affidavit testimony of Dr. John Piehowicz, that it entered into an agreement with Sandringham Farm to provide veterinarian services for horses owned by Sandringham Farm, that Cincinnati Equine performed those services on the three horses listed on the invoice, and that the services were performed "in both Hamilton County, Ohio and Kentucky." The complaint stated that the "majority of the services" were performed in Hamilton County.

{¶16} On the other hand, Sandringham Farm presented the motion, verified by Young's affidavit, which stated that the horses listed on the invoice were owned by Young, that Sandringham Farm had no agreement with Cincinnati Equine, and that the majority of the services performed by Cincinnati Equine were performed in Kentucky.

{¶17} The record in this case contains contradictory evidence of who owned the horses that Cincinnati Equine treated, who contracted for that treatment, and how much of that treatment occurred in Ohio. As a result, we cannot determine if exercising personal jurisdiction over Sandringham Farm comports with Ohio's long-

arm statute or whether there is specific jurisdiction over Sandringham Farm sufficient to satisfy due process.

{¶18} Since the trial court failed to conduct an evidentiary hearing and the trial court's jurisdiction is not clear from the record, we must remand the cause for an evidentiary hearing to determine whether the trial court had personal jurisdiction. *See DeWine*, 9th Dist. Summit No. 25939, 2012-Ohio-3339, at ¶ 25 (remanding cause for hearing where the trial court erred in failing to hold an evidentiary hearing to resolve conflicting evidence pertaining to personal jurisdiction); *see also Compuserve*, 91 Ohio App.3d at 165, 631 N.E.2d 1120. To that extent, we sustain Sandringham Farm's third assignment of error.

{¶19} Accordingly, the trial court's judgment is reversed and the cause is remanded with instructions to the trial court to conduct an evidentiary hearing on the issue of whether the exercise of personal jurisdiction over Sandringham Farm is consistent with Ohio's long-arm statute and due process.

Judgment reversed and cause remanded.

**DEWINE, P.J.,** and **STAUTBERG, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.